In an action by a *common informer,* on the 2d section of the *act to prevent usury,* (sess. 10. c. 13.) the plaintiff must declare specially, and state the usury, &c. The general form of declaring mentioned in the act, is given only to the *borrower.*

MORRELL, *qui tam, against* FULLER.

THIS was an action of debt, brought by the plaintiff, as a common informer, on the second section of the *act for preventing usury.* (Sess. 10. c. 13.)

The declaration was as follows:

*Albany* county, to wit : *John Morrell,* who sues as well for the poor of the city of *Schenectady,* as for himself, complains of *Jeremiah Fuller,* in custody, &c. of a plea, that he render to him the said *John,* and to the said poor, 92 dollars, 8 cents and 5 mills, of lawful money of the state of *New-York,* which he owes to and unjustly detains from them; for that whereas the said *Jeremiah Fuller,* after the 8th of *February,* 1787, to wit, on the 6th of *August,* 1808, was indebted to one *Thomas Morrell,* now deceased, in the sum of ninety-two dollars, eight cents and five mills, whereby an action had accrued to the said *Thomas Morrell,* by force of and according to the statute in such case made and provided, entitled, an act for preventing usury, passed the 8th *February,* 1787, to demand and have of the said *Jeremiah,* the said sum of 92 dollars, 8 cents and 5 mills, of lawful money as aforesaid; and the said *John* avers, that neither he the said *Thomas,* or his executors or administrators, hath not, nor hath either of them, within one year after the said 6th of *August,* 1808, in any wise prosecuted the said *Jeremiah,* for the recovery of the said sum of 92 dollars, 8 cents and 5 mills, and so the said *John Morrell,* who sues as well, &c. says, that the said *Jeremiah,* on the ninth day of *August,* in the year of our Lord, one thousand eight hundred and nine, at the city of *Albany* aforesaid, in the county of *Albany* aforesaid, was indebted to the said *John Morrell,* and to the said poor, in the said sum of 92 dollars, 8 cents and 5 mills, of lawful

money as aforesaid, whereby an action hath accrued to the said *John Morrell*, who sues as aforesaid, to demand and have of the said *Jeremiah Fuller*, for himself and the poor of the city aforesaid, the said sum of 92 dollars, 8 cents and 5 mills, of lawful money as aforesaid, according to the form of the act aforesaid, entitled, an act for preventing usury; yet the said *Jeremiah*, although often requested, &c.

A verdict having been found for the plaintiff, a motion was made in arrest of judgment.

The same cause was before the court, in *February* term last; (see vol. 7. p. 402.) but the point on which it was now decided was not then considered by the court.

*J. B. Yates*, for the defendant, contended, that the provisions of the statute, as to the manner of declaring, was confined to the person who had paid the money, and is not given to the common informer, in the second section; but that a common informer must state the usury or special matter, in his declaration.

*Foot*, contra, insisted, that the words in the second section, " sue for and recover the same in *manner* aforesaid," referred to all the previous matters in the same section, as to the mode of suing, &c.

· *Per Curiam.* The statute of usury does not exempt the common informer from the necessity of declaring specially, and stating the usury. The words are too general to justify him in stating the original grounds of the indebtedness of the defendant, in the same loose and general terms, as when the party aggrieved sues. The borrower has express authority for departing from the general rule in declaring, but it would not be proper to extend to the informer such indulgence, because of some equivocal words in the statute, which do not require that construction. What was said by the court in *Cole* v. *Smith*,

ALBANY,
August, 1811.

(4 *Johns. Rep.* 193.) and again, in this very case, (7 *Johns. Rep.* 402.) is to this effect. The original offence must be specially set forth, so that the defendant may be apprized of it, and prepared to meet it. The motion in arrest of judgment must, therefore, be granted.