ALBANY,
January, 1821.

PELLETREAU
v.
RATHBONE.

———————⋖✳⋗———————

PELLETREAU *against* RATHBONE and others, *terre-tenants* of MEDCEF EDEN.(*a*)

GRIFFIN *against* SHONNARD and others, *terre-tenants* of EDEN.

No action at law lies for a legacy.

And where an annuity for life is expressly charged on the real and personal estate of the testator, an action *at law* cannot be maintained against the heirs or terre-tenants.

The proper remedy for a legacy is in the Court of Chancery.

THESE were actions of *debt* for legacies, brought in *October*, 1816, to recover legacies charged on land, by the will of *Medcef Eden*, deceased, against the terre-tenants of the land, of which the testator died seised; and tried at the *New-York* Sittings, in *October*, 1819, before Mr. Justice *Woodworth*.

All the defendants (twenty-four in number) were returned, summoned, and declared against jointly. Most of them did not plead, and the plaintiff, in each of the causes, en-

(*a*) Decided in *October* term, 1820.

tered a *nolle prosequi*, or *retraxit*, against those who neglected to plead.

As soon as the plaintiff's cause was opened, the counsel for the defendants objected,

1. That no action at law could be maintained against a terre-tenant for a legacy; at least, not without an express promise to pay by him, which was not pretended; and,

2. Because, it appeared, on the record, that a *nolle prosequi* had been entered against several of the defendants; and this being a joint action, a *nolle prosequi* as to some of the defendants was, in effect, a discontinuance, or *retraxit*, as to all. On these grounds, the defendants' counsel moved for a nonsuit. But the judge refused the motion, reserving the questions for the consideration of the Court.

The plaintiff then introduced the will of *Medcef Eden*, dated the 29th of *August*, 1798, by which, after devising the bulk of his estate to his two sons, *Joseph* and *Medcef*, he bequeathed as follows : " I will and direct, that my executors hereinafter named, shall pay into the proper hands of my loving wife, *Martha*, five hundred dollars, during her life, &c., in four equal payments, &c. to be paid to my said wife's own hands, for her separate use, and not into the hands of an assignee, or any other person, &c. ; my intention being, that the said sum of 500 dollars shall be for her personal, and separate benefit, and for her certain maintenance, at all events, and not in her power to sell, assign, or in any way dispose of, or incumber the same ; and I charge all and singular, my real and personal estate, with the payment thereof. And I do hereby expressly declare, that the same is given in lieu, satisfaction, and bar of any dower that my said wife may, by law, be entitled to, on all and singular, my estate, or any part thereof." " Item, I give to *John Pelletreau*, (plaintiff,) of the city of *New-York*, merchant, *Susannah Pelletreau* of the same place, *Jane Gallilee*, wife of *Matthew Gallilee*, 125 dollars each, during their several lives, to be paid in the same manner as the annuity herein given to my wife. I also charge, all and singular, my real and personal estate, with the payment thereof." " It is my will, and I do hereby manumit, and set free, my negro slave, *Hannah Palmer*, (now *Griffin*, plain-

ALBANY,
January, 1821.

PELLETREAU
v.
RATHBONE.

tiff,) and direct my executors, &c. to pay her 100 dollars a year, during her life." The testator died in *August*, 1798, and his two sons qualified as executors, in *December*, 1798, and both have since died.

The plaintiff again moved for a nonsuit in the second cause, for the causes above mentioned, and because the legacy to *Hannah Griffin* was not charged on the land of the testator; and, also, on account of the lapse of time, from the death of the testator to the bringing of the action. The Judge directed a verdict to be taken for the plaintiff, in each cause, subject to the opinion of the Court on a case, as above stated, with liberty to either party to turn the same into a special verdict, on a bill of exceptions.

*Burr*, for the plaintiffs.

*Griffin* and *Talcot*, for the defendants.

The counsel for the plaintiff having stated the case, and the points, *The Court* said, that they did not wish to hear any arguments. That the question was clearly settled, that no action could be maintained at law for a legacy, and that the defendants were entitled to judgment.(a)

Judgment for the defendants.

(a) The following authorities were noted by the counsel: For the defendants: *Dicks* v. *Strutt*, 5 *Term Rep.* 690. *Beecher* v. *Beecher*, 7 *Johns Rep.* 99. *Livingston* v *Executors of Livingston*, 3 *Johns. Rep* 189. *Van Orden* v. *Van Orden*, 10 *Johns. Rep.* 30. 2 *Woodeson*, 478. *Hobart*, 265. *Webb* v. *Jiggs*, 4 *Maule & Selwyn's Rep.* 113. 2 *Salk.* 215. note by *Evans*, as to the dictum of *Lord Holt*, in 6 *Mod.* 26. 1 *Tidd's Pr.* 632. 1 *Wils.* 89. 1 *Chitty Pl.* 32, 33. 3 *Esp. N. P. Rep.* 76.

For the plaintiffs: 6 *Mod.* 26. *Anon.* per *Holt*, Ch. J. 4 *Burr.* 2381. 3 *Com. Dig. Debt*, (A.) *Cowp.* 291. 2 *Johns. Rep.* 243. 3 *Johns. Rep.* 189.