*July,* 1826.

### Prigmore *against* Thompson.—Writ of Error to *Jefferson* County Court.

In qui tam action for selling goods as a pedlar without license, the declaration must aver that the defendant was such pedlar, &c. as is required to have license, and that he did sell.

JUDGE *Taylor* delivered the opinion of the Court.

This was a qui tam action to recover the amount of a forfeiture incurred under the Act of 1824, requiring hawkers and pedlars to take out a license. It is unnecessary to notice the many matters set out in the demurrer as special causes, and which are referred to in the first assignment. The declaration is substantially defective, as it contains no averment that the defendant was either a hawker or pedlar, and sold goods as such. It is true, that that part of the declaration which may be called the inducement, states " that whereas the said *Joseph L. Prigmore* did, " since the 25th day of *December*, 1824, and before the " commencement of this suit, to wit, on the          day of " *April*, 1825, at the town of *Elyton*, in the County of *Jefferson* aforesaid, as a pedlar, contrary to the provisions of " the Statute in such case made and provided, sell goods " and merchandize without license," &c. &c. But there is no express averment that *Prigmore* was such hawker or pedlar as ought to take out license, nor is there any averment that he did sell goods, &c. An averment is a " positive statement of facts in opposition to argument or inference." There is no such statement in the declaration in this case, and the same certainty is always required in declarations in qui tam actions, as in indictment for misdemeanors.

Let the judgment be reversed back to the writ, and the cause be remanded.

*Rex* against *Little.* 1st Burrow, 614.

*Birney*, for plaintiff in Error, cited Laws Ala. 853. 8 John. 218. 13 John. 428.

*Peck*, for defendant in Error, cited 2 Bl. R. 842. 5 East. 244. 3 Wilson, 313. 1 Term R. 141, &c.