HONE and others, executors, &c. *vs.* VAN SCHAICK and others.

Where the testator devised and bequeathed to his wife the use of his mansion house for life, together with his furniture, books, plate, &c. and an annuity of $3600, in lieu of dower; and then devised and bequeathed all his estate real and personal to his executors in trust for the purposes of his will, and directed them to convert the personal estate into cash and invest the same upon bond and mortgages or stocks, and to sell a part of his real estate, and invest the proceeds thereof in the same manner, and to lease the residue of the real estate so that the interest and income of the whole property might form a general fund; out of which he directed his executors to pay the annuity to the widow; and to divide the residue of that fund, as it should accrue, equally among his seven children and the representatives of his two deceased children, quarterly, for the term of twenty-one years from the date of the will; at the expiration of which time, or as soon thereafter as the executors should deem it discreet to do so, he directed them to divide the real and personal estate among his heirs or their legal representatives; such representatives to take such share only as their immediate ancestor would have been entitled to if living, and the children of the testator to take life estates merely, with remainders in fee to their descendants or those who should then be heirs of the testator; *Held,* that the devise and bequest in trust to the executors, and the several trust estates and interests depending thereon, and the several remainders limited upon the trust term, were void; but that the specific devise and bequest of the mansion house, furniture, books and plate to the widow were valid.

And where the testator by a codicil to such will gave to each of his grand children who should be living at the time of his death a legacy of $6000, to be paid to them respectively upon their attaining the age of twenty-one or marrying, but not to be paid without the approbation in writing of the parents or the surviving parent of the legatee, who were to fix a proper time for the payment to the legatee after his or her arival at the age of twenty-one or marriage; and directed that such legacies should be paid out of the testator's personal property, and that the rest of his real and personal estate

1838.

Hone
v.
Van Schaick.

should remain subject to the provisions of the original will ; *Held*, that such legacies being independent of the illegal trusts of the original will were valid. The limitation of a trust of personal estate, to receive the future income thereof and to apply it to the use of the cestui que trust for life, or any shorter period, renders the interest of the cestui que trust in such income inalienable ; in analogy to the restriction in the revised statutes upon the power of alienating a similar interest in the rents and profits of real estate so limited in trust.

Limitations of future or contingent interests in personal property are subject to the same rules which are prescribed by the revised statutes in relation to future estates in lands ; and a bequest of an interest in the income of personal property to accrue and be received after the death of the testator is a limitation of a future interest, within the meaning of the revised statutes on this subject, and in analogy to the provision relative to the rents and profits of real estate to accrue and be received after the death of the testator.

A party who is aggrieved by a part of a decree only, cannot by his appeal call in question other parts of the decree in which he has no interest, although the appeal is broad enough to embrace them.

Whether a legacy to a trustee, payable out of the personal estate of the testator, upon a secret and undefined trust which has been communicated by the testator to the trustee, but not specified in the will or in any other instrument referred to in the will, is valid under the provisions of the revised statutes ; *quære ?*

August 21.

THIS was an appeal from a decree of the vice chancellor of the first circuit, upon a bill filed by the executors of John Hone deceased, against his widow and heirs, legatees and distributees, for the purpose of obtaining a construction of the will, and the directions of the court as to the validity of the devise of the estate of the testator to his executors in trust. The testator died in 1832, leaving seven children, and the decendants of two deceased children, his heirs at law ; who together with his widow were entitled to his personal estate, if any, not legally disposed of by his will and the codicils to such will. In July, 1831, the decedent made and published his will by which he devised and bequeathed to his wife his mansion house, for life, and also all his furniture, books and plate, and an annuity of $3600 for life, in lieu of dower. He then devised and bequeathed all his estate, real and personal, after payment of his debts, to his executors, or such of them as should assume the trust, for the purposes of the will. And the executors were directed to convert all his personal estate (except his wines and li-

quors, which were to be divided equally among his heirs and widow) into cash, and to invest the same on bonds and mortgages or in stock of the United States, and to lease his real estate in the city of New-York, and to sell that lying out of the city, and invest the proceeds thereof in bonds and mortgages or stocks ; to the end that the rents and profits, interest, and dividends thence accruing might form one general fund for the purposes of the will, as thereafter declared. He then directed his executors, out of that fund, to pay to his widow her annuity of $3600, and to Esther Many his niece an annuity of $200 for life ; and to divide the residue of the fund arising from such rents, interest, and income of his real and personal estate, from time to time as the same should accrue, equally among his seven children and the representatives of his two deceased children ; that is one-ninth to each child or his or her legal representatives, to be paid quarterly. The will also contained limitations over of such rents and profits to the husbands, widows, and descendants of such of the children as should die before the time appointed for the partition of the estate. And at the expiration of twenty-one years from the date of the will, or so soon thereafter as the executors should deem it discreet, they were directed to divide the real and personal estate among the heirs of the testator, or their legal representatives ; such legal representatives to take such share only as their immediate ancestor would have been entitled to if living. Special directions were also given as to the manner of making the partition, and limiting the extent of interest which the distributees should take in the real and personal property, so that the children of the testator should in no case take any thing more than a life estate in the premises ; the ultimate remainder being limited over to their descendants, or the then heirs of the testator. By a codicil made in August, 1831, the testator bequeathed to his wife all his carriages and horses, and increased her annuity to $4000, to be paid quarterly as provided for in the will. He also directed that the annuity to his niece should be $240 ; and he gave to each of his grandchildren who should be living at the time of his death the sum of $6000, to be paid

to them respectively upon their attaining the age of twenty-one, or marrying; such payments in no case to be made without the approbation of the parents of such grandchildren, or the survivor of such parents, to be expressed in writing to the executors; it being the declared wish of the *testator* that after the child was of age, or married, the parent or parents should fix a discreet and proper time for the payment of the legacy. These last mentioned legacies were directed to be paid out of the *testator's* personal estate and all the residue of the *testator's* real and personal estate was to remain subject to the provisions of the original will, as modified by the codicil. By a second codicil made in April, 1832, the annuity to the widow was increased to $5000. And the sum of $30,000 was bequeathed to the testator's wife and his son Isaac, upon certain secret trusts which the testator declared by such codicil that he had disclosed to them, and which they were directed faithfully to perform; which sum was to be paid to them as soon as conveniently might be by the executors.

Upon the hearing of the cause before the vice chancellor he decided and decreed, 1. That the devise of the real estate to the complainants, two of his sons and two of his sons-in law, as executors, upon the trusts in the will mentioned, was void; 2. That all the trusts in the will declared, upon such devise to the executors were void; 3. That the direction in the will of the testator, to the executors, to divide or partition the real estate in the manner therein mentioned, after the expiration of the trust term of twenty-one years, was void; 4. That every thing in the will which was made to depend upon the execution of that trust so attempted to be vested in the executors, or which was dependant on the powers resulting from it, and every thing growing out of such trust, and all the annuities payable out of the fund therein contemplated to be created out of it, were void; 5. That the annuity of $3600 to the widow, payable out of the trust fund, and the additional annuities payable to her in like manner out of that fund, by virtue of the codicil, were also void; 6. That the use of the mansion house and the bequests of the furniture, books and plate, and of the

carriages and horses to the widow were valid, but as they formed a part of what was devised and bequeathed to her in lieu of her dower in the real estate, she was bound to elect between the same and her right of dower; 7. That the bequest of the wines and liquors was valid, and that by the codicil the widow was entitled to an equal share thereof with the other legatees; 8. That the bequest in the first codicil, of $6000 to each of the grandchildren of the testator who should be living at the time of his decease, and payable out of his personal estate, was valid; and that the executors should pay the same as directed in the codicil; and 9. That the bequest in the last codicil, of $30,000 to the widow and son of the testator, upon the secret trust and to be applied as therein directed, was valid; and the executors were directed to pay the same according to the codicil. The decree also directed a reference to a master to state and pass the accounts of the executors, with a view to the distribution of the part of the personal estate of the testator not legally disposed of by his will; and that the executors make distribution thereof according to law. And further directions were given for carrying into effect the decision of the court, and for the protection of the executors so far as they had acted in conformity with the directions of the will, and also disposing of the question of costs; with liberty to the parties to apply to the court from time to time for further directions, upon the footing of such decree.

The complainants, and the defendants Eliza Hone the wife and Elizabeth Hone the daughter of Isaac S. Hone, appealed from so much of the decree as was embraced in the four first clauses thereof. The complainants and Eliza Hone appealed from the fifth clause of the decree, which declared the annuities to the widow to be void. The complainants alone appealed also from the sixth clause of the decree, which declared the devise and bequest of the mansion house, furniture, &c. to the widow to be valid, but required her to elect between the same and her dower in the testator's real estate. And they also appealed from all parts of the decree whereby any part or portion of the will or codicil were adjudged to be void or inoperative. A similar

clause was inserted in the appeal of Eliza Hone, except as to the validity of the several legacies to the grandchildren of the testator, in the first codicil, which she did not admit. Eliza Hone and her daughter Elizabeth also appealed from the part of the decree which directed a reference to pass the accounts of the executors; and the distribution of that part of the personal estate which was not legally disposed of by the will. And the defendants Van Schaick and wife, Clinton and wife, Aspinwall & Hickson, the assignees of I. S. Hone, and Elizabeth Hone, also appealed from the sixth clause of the decree, which declared the legacies, in the first codicil, to the grandchildren of the testator to be valid.

*J. Anthon*, for himself and the other complainants. The will and codicils are valid, and the executors must be directed to execute the same so far as they relate to the annuity to the widow in lieu of dower, and to the annuity to Mrs. Many during her natural life. The will is valid in all its parts, the real estate being therein devised to the executors upon legal and available trusts. The trust to receive the rents and profits of all the real and personal estate and to pay out of the same the widow's and Mrs. Many's annuity is valid. The trust to divide the remainder quarter-yearly among the legatees therein named, in equal shares, until partition is made among the heirs at the time fixed by the will, is also valid; so is the trust to make partition of all the testator's real and personal estate among his heirs at the expiration of twenty-one years from the date of the will; such partition in its effects unfettering the property within twenty-one years, by creating persons capable of conveying the fee, viz. by creating the parents the tenants for life, and their children remainder-men in fee, of several and distinct parcels. The rules for making partition, as expressed in the will, are a mere repetition of the rules of representation established by law, and consequently cannot affect the validity of the will. The prudential and contingent clauses of the will do not affect its validity; and the executors must be directed to carry them into effect, viz. the clause directing the disposition of the legacy of a son dying intestate before par-

tition, and giving the same over to his wife and children ; also the clause directing the disposition of the legacy of a daughter dying intestate before partition, and giving the same over to her husband and children ; likewise, the clause directing the investment by executors of the infants' shares of the personalty under the partition, and making proper devises of the realty. The will is also valid so far forth as the same relates to the children of deceased heirs, viz. John K. Hone, Emily Hone and Maria Hone, children and heirs at law of John Hone, jun. deceased, the rents and profits until partition being bequeathed to the mother for the support of herself and the support and education of said heirs until partition, and then their share to vest in said children as heirs at law. Maria Hone, one of said heirs at law, having died intestate since the decease of the testator, her mother is entitled to her share of the real estate. The legacy under the first codicil having duly vested in Maria Hone before her death, her mother is now, as her heir at law, entitled to receive the same. All the grandchildren born within nine months after the testator's decease are entitled to their several and respective legacies under the first codicil. If the trust is invalid to its full extent, then as an interest in the estate or its income is given to the legatees as tenants in common in shares, the trust is perfectly valid so as to endure as to each share respectively for the period of two lives in each share, viz. 1. for the life of the first legatees named in their share ; 2. for the lives of each of the second set of legatees of each share, in shares as tenants in common, and 3. if invalid to any further extent, then the proportionate shares fall in to the heirs as the first or second set of legatees in each share may happen to fail, by death or by any other termination of the trust as to those shares. But in no case can the trust in that event, as to any share or part of a share, extend beyond the period fixed for a partition. The estate or interest in the income is not given to the legatees as joint tenants, but as tenants in common in shares. The legal representatives of the first set of legatees are precisely in the line of inheritance from the testator and under this construction of the trust the estate only goes to the same

persons intended by the testator by descent, at the expiration of the trust in each share, instead of vesting in any of them by purchase as to the testator intended. If the will is invalid in any particular, it may be sustained as to the residue. If the will is entirely invalid, then the widow is entitled to her dower at common law and to her distributive share under the statute, subject to an account for what she has received, and to the valid dispositions of the personal estate expressed in the codicils. The codicil of 12th August, 1831, is a distinct and independent testamentary paper, not depending on any of the trusts in the will, especially as regards legacies to grandchildren, and as to those legacies it is valid. The codicil of 2d April, 1832, is also a distinct and independent testamentary paper and is valid; and the executors having carried the same into effect, by paying over to the trustees therein named the trust fund thereby created, are to be protected in such their act.

*W. Kent*, for Eliza Hone, the wife of the testator's son I. S. Hone, and for Elizabeth Hone, one of the grandchildren of the testator.

*J. P. Hall*, for the defendants Van Schaick and wife, Clinton and wife, Matthews and wife, Kneeland and wife, Aspinwall & Hickson, the assignees of I. S. Hone, and for J. Van Schaick and twelve other grandchildren of the testator. At common law the trustees would take an estate in fee simple in trust in the real and personal estate, in joint tenancy; and at common law the nine children of the testator would take an equitable estate or interest in the premises for a term to continue at least for twenty-one years from the date of the will, as tenants in common in equal shares and proportions. At common law, upon and after the termination of said term, an estate in fee simple would have been limited by the will, to the grandchildren whose parents should then have been dead; those having arrived at the age of twenty-one years, to take a legal estate respectively in the parts to be allotted to them in severalty—those under age to take an equitable estate in severalty in their respec-

tive shares (to be allotted to them) until they become of age, when their shares are respectively to be converted into legal estates. The children of the testator still living, upon the termination of the said term of years, would take at common law an equitable estate in the shares to be allotted them in severalty, which upon their death would go to their respective children in fee. These limitations over, upon the termination of the equitable term of years, are to dubious and uncertain persons, and are to continue so for at least twenty-one years, and as such are inalienable at common law. Under the revised statutes the said limitations of the equitable interests in the rents and profits for twenty-one years are void in their creation, being inalienable uses, which may suspend the power of alienation for a longer period than two lives in being. The limitations over are void under the revised statutes, inasmuch as they are inalienable even at common law for at least twenty-one years, and may suspend the power of alienation of an absolute estate in fee simple, for a longer period than two lives in being ; and such suspension does not depend upon the termination of two designated lives. Supposing the equitable interest in the term of years to be subject to a contingent determination thereof, on the death of each of the nine children, as to their respective shares, or supposing that a remainder is limited of the term to the respective children of each child of the testator upon his or her death ; such limitations, viz. as well the life interests in the term as the remainders thereof, are void in their creation, because they suspend the power of alienation of all and singular the real and personal estate for a longer period than two lives in being at the creation thereof. The trusts in this will are not such as are authorized under the revised statutes, because the trustees are not to take the active management of the premises, but are to make long demises thereof upon rent ; because the rents and profits are not to be applied to the use of the cestuis que trust under the discretionary management of the trustees, but are to be paid over to them in mass. The trustees and cestuis que trust are not separate and distinct. All the legacies bequeathed in said will and codicils are void.

1838.

Hone
v.
Van Schaick.

*J. Barrows, jun.* for the defendant Joanna Hone the widow, Mrs. Howland and Mrs. Anthon, two of the daughters, H. Many the niece, and for C. G. Anthon and sixteen other grandchildren of the testator.

THE CHANCELLOR. Some questions embraced in the pleadings and points of the parties, before the vice chancellor, were not finally disposed of by the decree ; but as there is no appeal on that ground, and the decree reserves the right to the parties to apply for further directions as to any matters not disposed of by the decree, they cannot be taken into consideration at this time. And as none of the parties have appealed from that part of the decree which declares the validity of the legacy of $30,000, to the widow and son of the testator upon an undefined and secret trust, the question cannot now be raised whether such a limitation of personal property in trust is valid, under the provisions of the revised statutes relative to the accumulation of personal property and to expectant estates in such property. (1 *R. S.* 773, § 1, 2.) It is also proper to remark that some parts of the appeals embrace matters in which the appellants have no interest, either as trustees or otherwise, in having those parts of the decree reversed ; and where parties to the suit who are the only parties aggrieved, if the decree is erroneous in those respects, have not thought proper to complain thereof. Those parts of the decree cannot be reversed upon these appeals, even if I should arrive at the conclusion that the decision of the vice chancellor was wrong in respect to the matters in which these appellants have no interest in reversing the decree. For it is well settled that no person is authorized to appeal from a decree unless he is aggrieved by it. And that a party who is aggrieved by one part of a decree only, cannot by appeal call in question another part of the decree in which he is not interested. (*Cuyler* v. *Moreland,* 6 *Paige's Rep.* 273. *Idley* v. *Bowen,* 11 *Wend. Rep.* 227.)

As to the most important questions in this cause, which arise upon the appeals of the complainants and of Eliza Hone and her minor daughter, from that part of the decree

embraced in the first four clauses thereof, and involving the validity of the trust term and the several trusts depending on the same, as well as of the several remainders limited thereon, I have no doubt that the decision of the vice chancellor must be sustained; in conformity with the decisions of the court for the correction of errors in the cases of *Coster* v. *Lorillard*, (14 *Wendell*, 265,) and of *Hawley* v. *James*, (16 *Id.* 61.) In the first of those causes it was decided that in the case of a devise in trust of an entire estate, to receive the rents or income thereof and to distribute it among several cestuis que trusts, it could not be considered as a seperate devise of the share of each cestui que trust, so as to protect the share of each cestui que trust as a tenant in common during his own life; and that as the trust was to endure for a longer period than two lives in being at the death of the testator the whole devise in trust was void. And in the last case it was decided that the absolute power of alienation could not be suspended by means of a trust term, unless the term itself was so limited that it must necessarily terminate during the continuance or at the expiration of not more than two lives in being at the death of the testator. Here there is an absolute limitation of a trust term for twenty-one years in gross, and a disposition of the rents and income of the property during the whole of that period; even if the whole of the testator's children and grandchildren who were in being at his death shall have died before the expiration of the twenty-one years. And provision is made for the division of the rents and income in that case, for the residue of the term, among their descendants who may not have been in existence at the commencement of the trust term. The whole trust estate and the several remainders limited thereon are therefore void, according to the decision of the court of dernier resort in James' case; as the remainders depend upon the power to partition the estate after a suspension of the power of alienation for more than two lives in being at the death of the testator. The real estate therefore descended to the heirs at law, upon the testator's death, and the complainants took the personal estate, in their character of executors, discharged of the special trusts as to

1838.

Hone
v.
Van Schaick.

the income thereof during the trust term and afterwards. So much of the personal estate therefore as was not legally disposed of by the testator in other parts of the will and codicils, belongs to the widow and next of kin of the testator; and must be distributed among them by the executors in the same manner as in cases of intestacy.

As the widow and the niece of the testator have not appealed from that part of the decree which declares that the annuities to them, and which are payable out of the fund directed by the testator to be created out of the rents and profits of the real and personal estate, are void, it is probably unnecessary that I should consider the question whether such annuities can be charged upon the personal estate not otherwise legally disposed of by the will. I think however they must fail on the ground that they were not intended by the testator to be charged upon his estate generally, but only upon the particular fund which has failed by reason of the illegality of the direction for its creation. So far as respects the annuity to the widow in lieu of her dower, it cannot be charged upon the personal estate generally, for another reason. As her annuity was payable out of the income of the estate and not out of the principal thereof, it would be wholly inconsistent with the intention of the testator to give to her the one third of such principal of the personal estate, as property not legally disposed of, and at the same time to give her the annuity which by the will was payable out of the income of the same property as a part of the trust fund. This disposes of the appeals from the decision of the vice chancellor contained in the fifth clause of the decree, even if the present appellants were the proper parties to appeal therefrom and had an interest in the reversal of that part of the decree.

I can see no possible objection to the sixth clause of the decree, which declares the devise of the mansion house, and the bequest of the furniture, books, plate, and carriages and horses to the widow to be valid ; subject to her right of election to recieve them in lieu of her dower in the real estate. These specific devises and bequests are in no way connected with the illegal trusts and limitations in the will. And

although the testator had also given to her the annuity which is declared to be illegal, as a part of the consideration for the relinquishment of her dower, she still has the right, if she thinks proper to do so, to accept of a part of what was intended for her by the testator as an equivalent, and to relinquish her dower for that consideration only. Even if she had precluded herself from claiming her dower by receiving the annuity given to her by the will in lieu thereof, and by neglecting to commence proceedings for the recovery thereof within a year from the death of her husband, she ought not in equity to be bound by that election, except as against bona fide purchasers or mortgagees, when the principal part of the consideration for the relinquishment of her claim has been taken from her by the decree of this court declaring the annuities to be invalid.

The provision in the decree for a reference to a master to take and pass the accounts of the executors, with a view to the distribution of the personal estate of the testator, not legally disposed of by his will, among the next of kin of the decedent, was but a necessary consequence of the decision that the trusts of the will and the interests limited upon the trust term were invalid ; as by the provisions of the revised statutes in relation to the limitations of interests in personal estate, the absolute ownership thereof cannot be suspended by any limitation or condition whatever for a longer period than the power of alienation of real estate can be suspended. And in all other respects limitations of future or contingent interests in personal estate are subject to the same rules which are prescribed by the revised statutes in relation to future estates in lands. (1 *R. S.* 761, *tit.* 4.) Dispositions of the rents and profits of land to accrue and be received subsequent to the execution of the instrument creating such dispositions thereof, are considered as future estates and interests, and are subject to the rules established by the revised statutes in relation to other future estates in lands. (1 *R. S.* 726, § 36.) And in analogy to this provision relative to the rents and profits of lands, a bequest of the interest or income of personal estate, to accrue and be received after the death of the testator, is a limitation of a

similar interest in personal estate and must be subject to the same rules. The limitation of a trust of personal estate, to receive the future interest or income thereof and to apply it to the use of the cestui que trust for life or any shorter period, as authorized by the fifty-fifth section of the article of the revised statutes relative to uses and trusts, renders the interest of the cestui que trust in such income inalienable, according to the provisions of the sixty-third section of the same article. Such a limitation therefore suspends the absolute ownership of the trust fund ; as the trustee cannot dispose of the fund absolutely, even with the assent of the cestui que trust, without being guilty of a breach of trust. And if the trust to receive and apply the interest or income is so limited as to suspend the absolute ownership for more than two lives in being at the death of the testator, such limitation is void. In the present case, as the limitations in trust of the real and personal estate were the same, as well as the power in trust to partition and divide the same after the expiration of the twenty-one years, it followed, as. a necessary consequence, that if the limitations were void as to the real estate they were equally void as to similar interests which the testator had attempted to create in relation to this part of his personal property.

Being satisfied that there is no valid objection to this part of the decree, it only remains for me to consider the question whether the vice chancellor was right in that part of the decree which is appealed from by Van Schaick and others. The several legacies of $6000 each, to the grandchildren of the testator, are not payable out of the interest or income of the property, but are directed to be paid out of the personal property generally. They are no part of the trust fund devised and bequeathed to the executors upon the special trust mentioned in the will. They are therefore to be raised out of the personal estate in the hands of the complainants in the character of personal representatives of the testator merely, and not by virtue of any special trust. And the amount of each legacy, if valid, must be raised out of personal estate, and be securely invested for the legatee until it becomes payable according to the terms of

the will ; and the interest or income of the fund in the meantime belongs to the widow and next of kin of the testator, as property not disposed of by the will. But as the interest of each legatee in his or her $6000 legacy was limited to commence in possession at a future day, the bequest of the legacy was a limitation of a future estate or interest in personal property, according to the statutory definition of a future estate. (1 *R. S.* 723, § 10.) The validity or invalidity of each of these legacies payable at a future day, must therefore depend upon the rules of the revised statutes which are applicable to the devise of a similar future interest or estate in land. Each legacy being carved out of the personal estate at the death of the testator, or within the year allowed by law and the practice of the courts for the settlement and distribution of the testator's personal property, is in the nature of the limitation of a future estate in fee in lands after the expiration of a term of years, and without the intervention of a precedent estate by the will ; the present interest in the land, or the right to receive the rents and profits during the term, descending in the mean time to the heirs at law of the testator as an interest in the land not legally disposed of by his will. The limitation of such a future estate in land, whether the same is vested or contingent, is authorized by the revised statutes, if limited to a person in being at the death of the testator ; provided it is so limited that it must vest in interest, if ever, during the continuance of not more than two lives in being at the death of the testator. Here the limitation is, in terms, to grandchildren in being at the death of the testator. And if the legacies are not vested in interest at that time, but remain contingent until the parents or the surviving parent of the respective legatees has given the written direction for the payment thereof, the legacy must still vest in interest before the termination of the lives of the two parents, who were in being at the death of the testator. The legacy therefore must be vested in interest in the legatee, if ever, at or before the termination of the lives of both of his parents.

The conclusion then at which I have arrived in this case is, that the decree of the vice chancellor is not erroneous in any of the provisions thereof which are called in question by these appeals. It must therefore be affirmed. And the costs of all the parties upon the appeals must be paid out of that part of the testator's personal estate which is not legally disposed of by the will. As some of the parties are understood to have died since the perfecting of the appeals, the decree of affirmance must be entered nunc pro tunc as of the 5th June, 1837; and the proceedings are to be remitted to the vice chancellor.