Cole, Ch. J.
On the 24th day of October, 1868, William Riehart died, having before that made and published his will, as. follows: “1st. I give and bequeath to my beloved wife, Catharine Riehart, the one-third part in value of all my real estate so long as she remains my widow, and if she shall at any time man* y another man, then she shall only have the sum of $2,000, or an interest in said estate equal in value to that sum. And the said one-third part of my real estafe above bequeathed to my wife to go to her two sons at her death or marriage, to wit: Sherman Rich-art and Lewis Riehart, they paying her the $2,000 above mentioned, in the event of her future marriage. 'The above is given in lieu of dower, and the shares so limited to the said Sherman and Lewis Riehart shall be' in full of their portion of my said estate. 2d. I give and bequeath to my beloved children, John, Sarah, Caroline, Gleórge, Henry, Reece, Lucinda, Thomas, Jackson, Horace and Aaron Riehart, all the remainder of my estatte, both real and personal, after the payment of my funeral expenses, and all'just debts, share and share alike.” On the .7th *460 day of December, 1868, this will was admitted to probate, and on the 2d day of January following this action for partition was commenced.
The sole question at issue between the widow of the deceased and the children of said deceased, by a former marriage, they being the plaintiff and ten of the defendants, is, whether the said widow, who is appellant, has elected to take under the will. Upon this question the testimony shows that the widow had about determined to object to the will, and to relinquish all rights conferred upon her by it, and to claim her rights in her deceased husband’s estate, as given by our law; that on the day the will was admitted to probate she went to the county judge’s office with the executor named in the will, the plaintiff, her father and others; that on the way there it was suggested to plaintiff, by her father, to avoid litigation, about which there had been much talk, that she would accept under the will, if the children would give her one-third of the personal estate. This was agreed to by the plaintiff herein and two others of the children, they being the only children present, and some question was made as to the authority to bind the minor children, and the absent adult ones. The widow’s father, having talked with one or more of the adults, was willing to vouch for them, and it appeared so desirable to all present to avoid litigation and settle the matter, it seems to have been accepted as true that all would agree to let her have the third of thte personal estate. An agreement to that effect was accordingly prepared by the county judge, and signed by the widow and the three children present. None of the other children have ever signed the agreement or manifested any willingness or purpose to comply with its terms. The will was admitted to probate, and it was entered on the record that the widow, “ in, open court, signified her intention to take under the provisions of the will, in lieu of her dower.” After this action was commenced, and on the *461 24th day of February, 1869, tbe widow filed her written and duly acknowledged objections to tbe will, and relinquished all rights conferred upon ber thereby. Tbe real estate of deceased was worth $18,000, and tbe personal estate $3,000. Catharine, tbe widow, married William Richart, tbe testator, when she was about twenty-one years of age and lived with him to bis death, about seven years, and bad by him tbe two children above named, and who are joined with ber, as appellants, herein.
There is some evidence tending to show that tbe widow was not fully advised of all tbe facts, or of ber legal rights in respect of tbe estate, and that she signed tbe agreement under tbe fear produced, by plaintiff and those united in interest with him, of litigation and its calamitous consequences to herself and ber children. But we do not pass directly upon this question of fact. There is much evidence, however, against this- claim of tbe widow.
We rest our reversal of tbe judgment of tbe district court upon tbe ground that tbe widow signed tbe agreement upon tbe faith that it would be fully executed, so as to give ber tbe one-third of tbe personal estate of tbe deceased. And that instead of being a voluntary election to take under tbe will and waive ber claim for dower, etc., it was an agreement so to do upon tbe consideration that tbe plaintiff and bis brothers and sisters should waive their claim to one-tbbd of tbe personal estate. This they have not done. They are seeking, by this petition for partition, practically, to compel a specific performance by tbe widow of ber alleged agreement, while they neglect or refuse to perform their agreement which was tbe consideration, for it. Surely they ought not to be permitted so to do, and this without regard to whether tbe evidence establishes fraud on tbe part of plaintiff or ignorance and mistake by tbe defendant, tbe widow.
Tbe appellant’s counsel also make a question here and an argument thereon as to tbe rights of tbe devisees, *462 Sherman and Lewis Riehart, under the will when rejected by the widow. This question has not been adjudicated by the district court, and we do not deem it necessary for us to now pass upon it.
Reversed.