ALLETTA A. AKIN, APPELLANT, v. SARAH A. KELLOGG
AND OTHERS, RESPONDENTS.

*Dower — effect, under sections* 13 *and* 14, 1 *Revised Statutes,* 741, *742, of a failure to
enter within a year — when the implied election may be set aside on account of fraud —
how it is affected by the insolvency of the estate.*

In this action brought by the widow of Benjamin Akin, deceased, against his
daughter, his grandchildren and a tenant, the complaint alleged that by false rep-
resentations made to the plaintiff, with the knowledge and on behalf of the daugh-
ter, as to the value of the estate of the plaintiff's husband, she was induced to and
did omit and neglect to renounce the provisions made for her by the will, and
to enter upon the lands of which her husband died seized, or take proceedings
to have her dower assigned. It also alleged that the estate was insolvent, and
prayed that she might be relieved from the election which she was deemed by
sections 13 and 14 of 1 Revised Statutes, 741, 742, to have made, and that her
dower might be assigned to her.

*Held,* that it was error to sustain a demurrer, interposed to the complaint by the
daughter and tenant upon the ground that the facts stated did not constitute a
cause of action. (BOCKES, J., dissenting.)

That the election which, under the said statutes, the widow is deemed to have made,
by failing within one year to enter upon the lands or commence proceedings,
is not absolutely conclusive as against her so as to prevent her being relieved
therefrom when she has been induced to omit such action by fraudulent repre-
sentations. (BOCKES, J., dissentiug.)

That the statute deems the election to have been made only in case provision be
actually " *made* for her by will;" as in this case the widow could not, by reason
of the insolvency of the estate, take the provision made in the will, she was not
to be deemed to have made an election. (LANDON, J.)

APPEAL from an order and a judgment sustaining a demurrer
interposed to the complaint on the ground that it did not state facts
sufficient to constitute a cause of action. The action was in the
nature of a bill in equity, for relief from the effect of the following
provisions of the Revised Statutes (1 R. S., 741, 742):

SEC. 13. If lands be devised to a woman, or a pecuniary or
other provision be made for her by will in lieu of her dower, she
shall make her election whether she will take the lands so devised
or the provision so made, or whether she will be endowed of the
lands of her husband.

SEC. 14. When a woman shall be entitled to an election under
either of the two last sections, she shall be deemed to have elected

to take such jointure, devise or pecuniary provision, unless within one year after the death of her husband she shall enter on the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof. (1 R. S., 741, 742.)

The following, among other facts, were alleged in the complaint: That the plaintiff is the widow of Benjamin Akin, deceased; that said Benjamin Akin, during the time of his marriage with plaintiff, was seized in fee simple and of an estate of inheritance in the lands described in the complaint; that the defendant Sarah A. Kellogg claims title to all the said lands, and, since the decease of said Benjamin, has collected and received the rents and profits thereof, and that at the commencement of this action she actually occupied a portion thereof, and the defendant George Allen the remainder thereof as her tenant; that said Benjamin Akin died October 10, 1881, leaving a will, a copy of which is annexed to the complaint, by which a provision was made for the widow in lieu of her dower; that plaintiff was ignorant of the nature, value and extent of the estate of the said Benjamin Akin at the time of his death, and for a long time thereafter, and until the executor filed his accounts, and asked for a final settlement, which the executor was alleged to have done on the 5th day of May, 1884; that the plaintiff in ignorance of the real situation, and in reliance upon the statements and representations of one Asa B. Kellogg, made in the presence of defendant Sarah A. Kellogg, and the payments made to her by said Asa, who was also executor of said Benjamin Akin's will, was induced to and did omit and neglect to renounce the provisions made for her by said will, and was induced to and did omit and neglect to enter upon the premises described, or to commence proceedings for the recovery of her dower therein, within one year from the death of her husband, as she would have done if she had not relied upon such statements and representations, or if she had been informed of the actual condition of the said estate; that such statements and representations so made by the said Asa B. Kellogg in the presence of defendant Sarah A. Kellogg, and while acting as her agent and for her benefit, were false, and were known to the said Asa B. Kellogg to be false, and were fraudulent; that the defendant Sarah A. Kellogg and her husband well knew when the said representations were made; that in fact the estate was insolvent,

and the plaintiff's share under the will would amount to little or nothing; that the said Asa B. Kellogg filed his accounts May 5, 1884, with the surrogate of Rensselaer county, and petitioned the surrogate for final settlement, and that said accounts make no mention of the premises described in the complaint and show the estate to be insolvent, and show that the plaintiff would receive nothing whatever under said will, as widow of said Benjamin Akin, deceased.

The plaintiff then prays to be relieved from the penalty imposed by statute for not having, within one year after the death of her said husband, entered upon the lands to be assigned to her for her dower, or commenced proceedings for the assignment thereof, and that she may now be permitted to make her election and to renounce the provision made for her under the said will, and to elect to take her dower with the same effect as if she had made such election within the time allowed by statute; and that she may be adjudged to be entitled to dower in all the real estate described; and that her dower may be set off to her; and that the defendant Sarah A. Kellogg may be adjudged to account for and pay over to the plaintiff one-third of all the rents and profits, etc., and for other relief.

*Matthew Hale*, for the appellant.

*L. Laflin Kellogg*, for the respondents.

LEARNED, P. J.:

This is an action, brought by the widow of Benjamin Akin, deceased, against Sarah A. Kellogg, his daughter, and Edna Akin and Maud C. Akin, his grandchildren, and against George Allen, tenant of Sarah A. Kellogg. The complaint alleges that by false representations made to the plaintiff, with the knowledge and in behalf of Sarah A. Kellogg, as to the value of the estate, she was induced to neglect, for a year after the death of her husband, to enter on the lands or take proceedings for dower. She alleges that the estate is insolvent, and asks to be relieved from the election which she is deemed to have made, under the statute, and to have dower assigned. (1 R. S., 741, §§ 13, 14.) The defendants Sarah A. Kellogg and George Allen demurred on the ground that the

complaint did not state facts sufficient to constitute a cause of action. The Special Term sustained the demurrer, and the plaintiff appeals.

One point which is stated in the opinion is that the complaint states no fraud against Edna Akin and Maud C. Akin, and, therefore, shows no ground of relief against them. They have not demurred, and they are in no way before us. It is unnecessary to consider their rights until they shall have been heard.

The important question is whether the election which, by section 14, above cited, a woman is deemed to have made, is absolutely conclusive against her, or whether she may be relieved therefrom.

The courts have relieved a woman from an actual election evidenced by a written paper. (*Hindley* v. *Hindley*, 36 Sup. Ct. N.Y.; 29 Hun, 318.) In *Manice* v. *Manice* (1 Lans., 348) the remark was made that as the annuity abated (held void) any election the widow had made should not impair her right to dower. The same is said in *Hone* v. *Van Schaick* (7 Paige, 221, at 233). After that case had been affirmed in the Court of Errors (20 Wend., 564) it came before the vice-chancellor (*Howland, Exr.,* v. *Hecksher,* 3 Sandf. Ch., 519). It there appeared that the testator died in 1832, the widow in 1838. The trusts of the will were held void ; her administrator was ordered to make an election. She had not made any election during her life. Certainly, then, she could not have taken proceedings for dower during the year after her husband's death. Yet the right to election was held not to have been lost, inasmuch as the annuity to her had fallen with the trusts. The reversal of the case of *Manice* v. *Manice* (43 N. Y., 303), does not seem to touch this point. (See pp. 327, 328.)

With these decisions of this State as a guide, we may consider the meaning of the statute. It is not a statute of limitations. It only declares that a failure to claim dower for a certain time shall be deemed an election to take under the will. Now, let us suppose that, without waiting the year's time, the widow had, by some proper instrument, declared her election to take under the will ; and let us suppose that this election had been procured by fraud of the devisees, or that the provisions of the will, which she had elected to take, should be subsequently declared void. Now, is there any reason why the widow should be deprived of the dower

to which she would otherwise have been entitled? In the one case, that which she elects to take has no existence; in the other her choice was not a fair one, but was influenced by fraud, practiced by those who would relieve themselves from her claim of dower.

Now, if such would be the rule in case of an actual election, why should not a similar rule prevail as to the constructive election of the statute. The rights of *bona fide* purchasers and incumbrancers are not in question. Nor need we say here that this constructive election can be set aside as to those defendants, Edna and Maud, who are charged with no fraud. But certainly a constructive election ought not to be more absolute than an actual election, and if the latter can be set aside for fraud so may the former.

The decisions of other States are not authoritative. But we find that the same view has been taken elsewhere. In *Smart* v. *Waterhouse* (10 Yerg., 94), a case of fraud; recognized as sound in *Waterbury* v. *Netherland* (6 Heiskell, 512), and in *McDaniel* v. *Douglas* (6 Humph., 229); the last two being cases where there was no fraud. In *Thompson* v. *Egbert* (17 N. J. Law, 459), and *Osmun* v *Porter* (39 N. J. Eq., 141) the property taken by the widow under the will had been subsequently, that is after she had taken it, sold for his debts; and she was allowed to claim dower, although the statutory time had elapsed. Even in *Nicholas* v. *Nicholas* (Ky. Decis., 338), cited by defendant as an authority for the contrary view, the court expressly declined to decide whether the widow had lost her right to *dower in land.* The decision touched personal property only.

We think that if the widow was prevented by fraud of the heirs or devisee from making her election within the statutory time, she may be relieved.

The defendants urge that sufficient facts are not stated in the complaint to show fraud. We think they are sufficient as a matter of pleading. The statements made to plaintiff are alleged to have been false and fraudulent and known to be so; and to have been made by one who stood in, what may be called, a confidential relation to the plaintiff, viz., the executor.

A further point is made, viz., that the plaintiff has received money under the will, and that she retains it without offering to restore.

The allegation of the complaint is simply that Asa B. Kellogg, who is the executor, did pay certain sums to plaintiff which he stated were portions of the share of the income to which plaintiff was entitled under the will. Now, it is not averred that he paid these sums from the estate, or that he paid them as executor. Indeed, as the estate has proved insolvent, the plaintiff could not have been entitled to any income under the will, so that these sums could not have been rightfully paid by Kellogg from the estate, and cannot come out of any share thereof belonging to the devisees or legatees. There is nothing, therefore, which they are entitled to have returned to them from the plaintiff. And the executor cannot, in his accounting, credit himself as against the devisees and legatees with payments made to another legatee out of an insolvent estate. Whether the plaintiff may be bound to return these moneys to Asa B. Kellogg is a matter with which defendants have nothing to do.

The judgment and order should be reversed, demurrer overruled, judgment for plaintiff with costs, with leave to defendants, in twenty days after notice of this order, to withdraw demurrer and answer on payment of all costs, including costs of appeal.

LANDON, J. :

The rule seems to be, that when the material part of the pecuniary or other provision made in the will for the widow, in lieu of dower, is adjudged to be void, the widow may still be permitted by the court to elect to take her dower, although the year has elapsed in which to make the election. (*Manice* v. *Manice*, 1 Lans., 348; *Hone* v. *Van Schaick*, 7 Paige, 221.) This, probably for the reason that, as the result shows, no such provision is, in fact, made for her by the will, as the will recites; therefore, the statutory condition requiring her to elect, never, in fact, existed. The statute says, if the "provision be *made* for her by will," it may be merely recited, and because unlawful, or because the testator was insolvent, not made. The statute deems the election to have been made by the widow only in case the statutory conditions existed. In this case, because of the insolvency of the testator, the widow cannot, if she so elect, take the provisions made for her in lieu of dower. She is not, therefore, deemed to have made an election.

It cannot touch any vested right if she be permitted to make the election now. She therefore seems to be entitled, as she prays in her complaint to have it adjudged, that she is entitled to dower in the lands whereof her husband was seized, and that the same be set off to her, any impotent or incompetent provisions in the testator's will to the contrary, notwithstanding.

But if wrong in the foregoing views, I am inclined to concur with the presiding justice, notwithstanding the very able opinion of Mr. Justice BOCKES. Unless we are coerced by authority, the plaintiff should not be bound by an election which, if she assented to it, was procured by misrepresentation. I doubt whether the word "deemed," as used in the statute, necessarily imports absolute conclusiveness. It may mean a high presumption — conclusive unless overthrown — but not excluding all possibility that the fact is otherwise. If so, the statute is not such a bar as to exclude the truth, or to deny relief against the fraud which brought the plaintiff within it.

BOCKES, J. :

I am of the opinion that the judgment for the defendants, on the demurrer, should be affirmed; and for the reasons stated in the opinion of the learned judge at Special Term. A few suggestions should, perhaps, be added, having relation to the cases cited by the appellant's counsel bearing on the leading point raised by the demurrer.

In *Hindley* v. *Hindley* (29 Hun, 318), the plaintiff (the widow) brought her action for the admeasurement of her dower, and in that action sought to remove an impediment to her recovery, to wit, to set aside a paper purporting to be an election by her to accept the provision in the will of her husband made her in lieu of dower. The case, as reported, does not show but that her action claiming dower was brought within the year allowed her by law to make her election. If in time with her action, the only difficulty in the way of her recovery was the paper sought to be annulled; and this seems to have been the subject, and the only subject, considered and decided. It does not appear that any question arose in the case on the limitation declared by the statute. Certain it is that no such question was, in fact, decided. The case is not, therefore, in point. Nor is the decision in *Manice* v. *Manice* (1 Lans., 348) here

applicable. There the widow was not put to her election under the statute, for the reason that the provision made for her in lieu of dower had failed, hence the will stood freed from the provision. The same may be said of the cases wherein the Hone will was considered. (*Hone* v. *Van Schaick*, 7 Paige, 222; 20 Wend., 564; 3 Sandf. Ch., 519.) So, also, in *Thompson* v. *Egbert* (17 N. J. L., 459) and in *Osmun* v. *Porter* (39 N. J. Eq., 141) the provision for the widow in lieu of dower failed. In these cases, therefore, the widow was not put to her election under the statute.

In *Macknet* v. *Macknet* (29 N. J. Eq., 54) the widow was permitted to withdraw her dissent and refusal to accept the provision of the will made her in lieu of dower; but this was relief against her own act; not relief from the provision of a statute. The retraction was there allowed because just in itself under the circumstances of the case, and it would leave the widow in *statu quo.* Not so here, when the statute barred the plaintiff's right to dower, because she had not, within one year after her husband's death, taken the necessary step to secure such right. Thus it is seen that the case cited does not touch the question of limitation prescribed by our statute; nor does the decision *Richart* v. *Richart* (30 Iowa, 465), or in *Wells, Fargo & Co.* v. *Robinson* (13 Cal., 133) do so.

If *Smart* v. *Waterhouse* (10 Yerg., 94) is to the effect claimed for it by the appellant's counsel, I am unwilling to yield to it my assent, as it would be contrary to my judgment, and, as I think, in hostility to the following authorities: 3 Redfield on Wills (ed. of 1877, 430; star paging, 383); *Nicholas* v. *Nicholas* (Ky. Dec., 338); *Waterbury* v. *Netherland* (6 Heisk., 512); *McDaniel* v. *Douglas* (6 Humph., 229); *Collins, Administrator,* v. *Carman's Executor* (5 Md. Ct. of App., 504).

The subject was fully considered in the last case cited (when the widow was insane), both on principle and authority, and the conclusion was reached that when the time within which a right was allowed to be exercised or asserted was limited by a statute, such right could only be exercised or asserted within the time declared by law. In this case the learned judge remarked, " we wish to be understood as not intimating any opinion upon the question whether a court of equity can or cannot make an election or renunciation for an insane widow during her life and in proper time."

In *Van Steenwyck* v. *Washburn* (59 Wis., 483) it was held that this might be done by a court of equity, if done within the time limited by law for that purpose. In none of the cases above referred to, unless in *Smart* v. *Waterman*, has it been decided that the time within which a widow is required by statute to make her election by her own act, as by entry or by proceeding for the recovery or assignment of her dower, can, for any cause whatsoever, be extended beyond that fixed by law.

The statute here under consideration is a statute of limitation. The Chancellor says, in *Hawley* v. *James* (5 Paige, 446), that "the object of the legislature undoubtedly was to compel the widow to make her election to take her dower instead of the jointure or other provisions made in lieu thereof within a limited period after the death of her husband;" and in *Palmer* v. *Voorhis* (35 Barb., 479, 483), Judge BROWN says: "In this respect the statute operates as a limitation of her right of action."

This statute must, therefore, be treated like other statutes of limitation, such as those applicable to the bringing of actions and appeals, when the time for so doing is limited by law.

As said in *Humbert* v. *Trinity Church* (24 Wend., 586–604), it is of the nature of the statute of limitation, in effect, to mature a wrong into a right by cutting off the remedy; and further, that "the statute bases itself upon time." (See opinion of COWEN, J., in this case.)

The prayer for relief in the complaint is that the plaintiff may be relieved from the statute. In effect, therefore, the action is an action in equity to repeal a statute of limitation as regards this particular case.

It has been said in some of the cases that the widow should be held to an election made by her, only when cognizant of all the facts; but this remark is applicable to those cases where relief is sought against her own acts; not to a case where relief is sought by her against the express provisions of a statute.

It may be here remarked that the plaintiff is not without remedy. She may have her action against the party who perpetrated the fraud at any time within six years thereafter; but not after that period has elapsed, even by showing the strongest equity in her favor, whether of a fraud practiced on her or for other cause as a reason for the omission to bring her action in time.

I also suggest that the omission here to notice in detail other points deemed of significance in the opinion of the Special Term,* is no intimation that they are considered groundless. I think quite otherwise of them.

In my opinion, the judgment appealed from should be affirmed, with costs.

Judgment and order reversed, demurrer overruled, and judgment for plaintiff, with costs below and of appeal, with leave to defendant in twenty days after service of copy order, to withdraw demurrer and answer over on payment of all costs, including costs of appeal.

---

* The opinion of Judge Westbrook at Special Term, after stating the facts, proceeds: "It is proposed in this opinion to state briefly the reasons why the demurrer should be sustained without any formal or elaborate argument.

*First.* The alleged fraud of Sarah A. Kellogg and her husband cannot alter or change the statute. Fraud may relieve a person from an agreement, but it cannot extend the statute time for bringing an action or to make an election one day. To recover her dower the plaintiff was bound to commence her action or proceeding within one year after the death of her husband, and the court is powerless to extend the time. If an actionable fraud has been perpetrated, damages by way of compensation may be awarded, but the court cannot relieve from a statute bar.

*Second.* Even though the court could enlarge the time to recover dower against the perpetrators of the alleged fraud, Sarah A. Kellogg and her husband, it could not do so against parties not implicated therein. The defendants Edna Akin and Maud C. Akin, grandchildren of the testator, are, according to his will, equally interested with the defendant Sarah A. Kellogg, in the premises in which the dower is asked to be assigned. There is no allegation in the complaint that their interest has been assigned to Sarah A. Kellogg. It is true it is averred that said Sarah "claims the title to all of said lands and premises," but it is not charged that the interest of the grandchildren has been transferred to her; on the contrary, it is charged "that the defendants Edna Akin and Maud C. Akin, have, or claim to have, some title or interest in said premises." As these parties are implicated in no fraud, the plaintiff cannot have the relief she asks because thereby, as against confessedly innocent parties, the statute time for bringing an action is enlarged.

*Third.* There is no averment in the complaint that the statement made to the plaintiff was for the intent or purpose of influencing her action; and it was not the statement of a fact, but the expression of an opinion.

*Fourth.* The plaintiff has received a part of the income of the estate under the will, and she is in no condition to repudiate the election which she made, without restoring or offering to restore its fruits.

For these reasons the demurrer must be sustained, with costs. The plaintiff to be allowed, on payment of costs, to serve an amended complaint