Wheeler *v.* Bowery Savings Bank.

# City Court.

*Trial Term—March*, 1887.

## THOMAS M. WHEELER *against* THE BOWERY SAVINGS BANK AND ABRAHAM B. VALENTINE, EXECUTOR AND TRUSTEE.

S. B. V. opened an individual account with the Bowery Savings Bank. He was at that time executor of the estate of his father, Abraham Valentine. S. B. V. afterward departed this life, and the envelope containing the bank-book was indorsed, "Trust funds

Wheeler *v.* Bowery Savings Bank.

belonging to the accounts of Charles E. Valentine, Mary Jane Valentine, and John H. Valentine, with Samuel B. Valentine, Ex. and Trustee."

Charles E. Valentine, some years before the deposit was made, executed an assignment to the plaintiff of all his interest in Abraham Valentine's estate. It was claimed that the fund on deposit was part of the accumulated income from Abraham's estate, which, by the deposit and indorsement on the envelope, was specifically set apart for the said Charles E. Valentine, and, consequently, passed by his assignment to the plaintiff. *Held,* that on the facts stated, no title passed in the deposit to Charles E. Valentine, or to his assignee. It is doubtful whether a trustee can create a trust in funds held by him in trust.

Trial by the court without a jury.

*T. M. Wheeler,* plaintiff in person.

*Israel Minor, Jr.,* for A. B. Valentine, executor, etc.

McADAM, Ch. J.—Samuel B. Valentine, in his individual name, opened an account with the Bowery Savings Bank. The deposit-book shows the following sums to his credit :

| | |
|---|---|
| 1876, June 21 | $600 00 |
| 1877, Interest to January | 18 00 |
| 1878,  "   "   " | 21 23 |
| January 9 | 105 00 |
| 1882, Interest to January | 102 44 |
| Total | $846 67 |

Samuel M. Valentine was the executor under the last will and testament of Abraham Valentine, deceased. Samuel M. Valentine died in August, 1884, and the defendant, Abraham B. Valentine, was appointed administrator of the goods of the said Abraham Valentine, and trustee of the unexecuted trusts created by Abraham's will. In other words, the defendant, Abraham B., represents the unexecuted trusts under the will in which Samuel M. was

executor and trustee. Upon the death of Samuel M., his executors made no claim to the fund on deposit; but this is not an important circumstance, because all the parties to this record found their claims to the fund on the theory that Samuel M. had no individual title to the fund—that it was a trust fund belonging to the estate of Abraham, the original testator, of whose will Samuel M. was executor.

The plaintiff claimed the fund, and sued the Bowery Savings Bank to recover it. The defendant, Abraham B. Valentine, as administrator of the goods of Abraham, and as trustee of the unexecuted trusts created by his will, made claim to the fund. The Bowery Savings Bank thereupon moved to interplead the rival claimant, the application was granted, and the bank was dropped from the record, leaving the rival claimants to settle their disputed title to the fund on deposit, and the question to be determined is to whom the fund belongs. I begin with the conceded fact that the deposit, although made in the individual name of Samuel B. Valentine, was of funds belonging to the estate of Abraham Valentine, deceased, of which Samuel B. was executor and trustee. The fund therefore goes to Abraham B., as the present legal representative of that estate, unless the plaintiff has established legal title thereto. The plaintiff bases his claim upon an assignment executed by Charles E. Valentine, one of the beneficiaries under the will of Abraham. It is dated July 30, 1870, and transfers to the plaintiff ." all my right, title and interest in and to the distributive share of my grandfather Abraham Valentine, deceased, of whatever kind and nature, now due or to become due to me, as one of the legatees under and by the provisions of the last will and testament of the said Abraham Valentine." The assignment relates solely to an interest in the estate of Abraham Valentine, deceased, but in no way to the fund on deposit, for the deposit was made nearly six years after the assignment was executed. Whether the assignment offends the provisions of the statute in regard to beneficial

Wheeler v. Bowery Savings Bank.

interests in the income of a trust estate need hardly be considered, in the view I take of this contention. This is not a suit by a legatee (or his assignee) to recover his interest in the estate, for that would be of equitable cognizance, and the presence of other parties upon the record might be necessary (Pelletreau v. Eden, 18 *Johns.* 428 ; Trustees v. Fitzhugh, 27 *N. Y.* 130). It is an ordinary action, and the question is whether the plaintiff has shown a legal title to the fund. The assignment, followed by the deposits six years afterwards, gave the plaintiff no title to the fund. It was not made in recognition of his rights, but in disregard of them. The plaintiff relies to a great extent upon the effect of an indorsement on the envelope which enclosed the bank-book. It is in these words : "Trust funds belonging to the accounts of Charles E. Valentine, Mary Jane Valentine, and John H. Valentine with Samuel M. Valentine, executor and trustee." This indorsement gave no title to the persons named (Weber v. Bank for Savings, 1 *City Ct.* 70 ; 6 *Hun,* 331 ; Curry v. Powers, 70 *N. Y.* 212); and apart from this, it is at least doubtful whether a trustee can create a trust in funds held by him in trust. The plaintiff contends that the money deposited was part of the surplus income from the estate which Samuel M. had no right to accumulate; that by the deposit he effectually separated it from the trust estate ; that it ceased to form part of it ; that it was specifically appropriated to Charles E. Valentine ; and that, as Charles E. was entitled to it, it follows that the plaintiff as legal assignee succeeded to this title.

But as a matter of law I find that Charles E. could not have recovered the deposit, and hence the plaintiff as his assignee never acquired title to it.

Upon the proofs this court can give the plaintiff no relief. The complaint will, therefore, be dismissed, without prejudice to any relief by bill in equity to which the plaintiff supposes himself entitled.

### Assignments of Interests in Income of Trust Estate.

Such assignments void,—see 1 *R. S.* 730, § 76; *Id.* 773, § 2 ; Folles *v.* Wood, 99 *N. Y.* 616 ; Williams *v.* Thorne, 70 *Id.* 270. Extended to interests in income of personal property. Graff *v.* Bennett, 31 *N. Y.* 9, 13. Only a trust to receive rents and profits and apply them to use of a person generally, or to accumulate them generally for benefit of one or more minors, renders estate inalienable (97 *N. Y.* 31). The interest, when fixed and vested, is assignable (*Code*, § 1910; Moore *v.* Littell, 41 *N. Y.* 66). Trust for payment of a sum in gross is assignable (1 *R. S.* 730, § 63; 7 *Paige*, 221; affirmed, 20 *Wend.* 564).

### Surplus Income

should not be accumulated, but paid over (*R. S.* 3 Banks' ed. 225; 42 *Hun*, 636; Estate of Tilden, 3 *N. Y. St. Rep.* 219).