Palmer *v.* Voorhis.

---◆---

## SARAH PALMER *vs.* JACOB VOORHIS and wife.

Where a testator, by his will, makes a provision for the benefit of his wife, and directs that such provision shall be received by her in lieu of all her dower or thirds in his real or personal estate, these words are not to be limited and restrained to the lands of which the testator died seised, but comprehend all the lands of which the testator was seised during the marriage, and in which his wife might be entitled to dower; so as to put the widow to her election between the provisions of the will, and her dower in lands conveyed away by the testator, during coverture.

The statute concerning estates in dower, which follows the rule of the common law, endows a widow of the third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage.

Whether the husband dies seised or has conveyed away the lands during the coverture, the wife's right to be endowed is precisely the same; provided he was seised at any time during coverture.

Yet to entitle a widow to recover *damages* for withholding her dower, the husband must have died seised.

Where a will contains a provision for the widow of the testator, which he declares shall be received in lieu of dower in his estate, and she omits, for more than a year after the testator's death, to enter upon the land of the deceased, or to commence proceedings for the recovery or assignment of her dower, she will be held to have elected to take the provision made by the will; and her right to recover her dower will be effectually barred.

The devisees and grantees of the husband are under no obligation to give the widow notice of the provisions made for her by the will, and to require her to make her election.

THIS was an action to recover dower; and came before the court on exceptions taken at the trial, which were ordered to be heard in the first instance at a general term. The complaint was dismissed, on the trial at the circuit.

*Edward Wells,* for the plaintiff.

*Francis Tillou,* for the defendants.

*By the Court,* BROWN, J. The plaintiff is the widow of William Palmer, deceased, late of Clarkstown in the county of Rockland, and this action was brought to recover her dower in certain lands situate in that town, of which the husband was seised in his lifetime and during the coverture. The marriage took place on the 2d of July, 1851, and the parties resided and cohabited together until January the 4th, 1859, when the husband died. At the time of the marriage, and for some time both before and after, William Palmer was seised in fee of the farm of land in question, containing about 50 acres, situate on the Hudson river near Nyack, and known as the Hook mountain farm, on which the defendants—his daughter and son-in-law—resided, by his sufferance and permission. After his intermarriage with the plaintiff, and on the 30th of April, 1855, he conveyed the farm to the defendant Hannah Voorhis, in fee, by deed of release and quit-claim, for the nominal consideration of one dollar, and

Palmer *v.* Voorhis.

also in consideration of natural love and affection. The plaintiff did not join in the deed.

On the 12th of January, 1856, William Palmer made his will, and therein devised his homestead farm to his son, John Palmer, requiring him to provide for his widow a good and comfortable support during her natural life, and to afford her during that time meat, drink, lodging, clothing and medical attendance when necessary, and to show her all kindness in sickness and in health. He also directed and required his son John to pay to her the sum of $25 annually, so long as she remained his widow, to be expended as she thought proper. Which support and provision for his wife he made a charge upon his real estate, and declared it should be received by her in lieu of her dower and thirds of his real and personal estate. These facts were severally proved upon the trial of the action, at the circuit held by Mr. Justice Lott in the county of Rockland, in October, 1860. The plaintiff also proved and read in evidence a written demand of her dower in the premises, served upon the defendants before the commencement of the action, and dated March 26th, 1860, and which was served on the 2d day of April, 1860, and prior to the commencement of this action. The action was commenced on the 21st of the same month. There was no proof offered by the plaintiff showing an entry upon the lands, or the commencement of any proceedings for the assignment or recovery of the dower, other than those already mentioned. The judge, on the defendants' motion, dismissed the complaint. The plaintiff excepted, and the exception was ordered to be first heard at the general term.

The counsel for the plaintiff insists that the terms of the will did not put her to an election between her dower in the lands claimed and the provision there made for her, because they evince no intention to exclude her from her interest as widow, in the lands conveyed to the defendant Hannah by the deed of the 30th April, 1855. The effect of the words, "which provisions, however, are to be received by her in lieu

of all her dower or thirds out of my real or personal estate," are to be limited and restrained, it is thought, to the lands of which the testator died seised, and not to those which he had conveyed away during his lifetime. The statute concerning estates in dower, which follows the rule of the common law, endows a widow of the third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage. Whether he died seised, or whether he had conveyed away the lands during the coverture, her right to be endowed was precisely the same. If he was seised of the estate at any time during coverture, that was enough. The only distinction that I am aware of is in respect to the damages. To entitle her to recover damages for withholding the dower, the husband must have died seised. (§ 19.) The 16th section of the act declares that no act, deed or conveyance of the husband without the assent of the wife, to be signified by her acknowledgment in the manner required by law to pass the estates of married women, shall prejudice the right of the wife to her dower, or preclude her from her recovery thereof, if otherwise entitled thereto. Dower, therefore, means not only an estate in the lands whereof the husband died seised of an estate of inheritance, but also in all lands of which he was seised during coverture, notwithstanding he may have parted with his interest by a deed of conveyance to others. The husband in the present case charged the provision made for his widow upon his real estate, and declared it should be received by her in lieu of all dower and thirds in his estate. Language can hardly be more comprehensive and definite, and its force cannot, I think, by any sensible interpretation, be limited to satisfy her dower in the lands whereof he died seised. It comprehends all the lands of which he was seised during the marriage, and in which she might be entitled to her dower.

The counsel for the plaintiff also insists that it was an error to hold that the plaintiff is deemed, under the statute, to have elected to take under the will, because there was no

Palmer *v.* Voorhis.

affirmative proof that she was made acquainted with the provisions of the will and with her right of election. The rule of the statute is not that she shall make her election within one year after notice of the contents of the will and of her right of election. But the 13th section is, that she shall make her election whether she will take the provision and compensation made by the will in lieu of her dower, or whether she will be endowed of the lands of her husband. And the 14th section declares, that she shall be deemed to have elected to take the provision made by the will, unless within one year after the death of her husband she shall enter on the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof. The devisees and grantees of the husband are under no obligation to give the widow notice of the provisions made for her by the will, and to require her to make her election. This is not the purport of the statute. It imposes no such duty on them as a condition of exonerating their lands from the burden of her claim. She is presumed to know, as well as any one else, when the death of her husband occurs, and although she may not become apprised of the contents and provisions of his will within the period of a year after his death, she is bound to know that if she omits for that space of time to enter upon the lands, or commence proceedings for the recovery or assignment of her dower, her claim will be barred if there is a will with a pecuniary or other provision made for her in lieu thereof. In this respect the statute operates as a limitation of her right of action; so that if the condition upon which it applies actually exists, unless she commences her action within the time limited, the right to recover is barred as effectually as it would be, in the absence of a testamentary provision, by the omission to commence her action within the twenty years mentioned in the 18th section of the act. What might be the effect of a fraudulent concealment of the existence of the will, or a false and fraudulent representation of its contents and provisions, it is outside of the present in-

quiry to speculate. It is enough that the will contains a provision, pecuniary and otherwise, for the widow, which the testator declares shall be received in lieu of dower in his estate, and that she omitted for more than a year after her husband's death to enter upon the land, or to commence proceedings for the recovery or assignment of her dower.

Judment should be entered for the defendants.

[KINGS GENERAL TERM, December 9, 1861. *Emott, Brown* and *Scrugham,* Justices.]