Dickman, J.
In July, 1853, James A. Corry executed a mortgage of the land in which his widow, Catharine Corry, the plaintiff, claims dower, to one Adolphus H. Smith. In the mortgage, the grantor, for himself, his heirs and assigns, covenanted with the grantee, his heirs and assigns, that the title conveyed was free and unincumbered, and that he Avould Avarrant and defend the same against all claims whatsoever. In June, 1861, under proceedings of foreclosure by the mortgagee, the land was duly sold and eonveyed to one John Bates, through whom the defendant Elizabeth Lamb traces her title, and through mesne conveyances holds the premises in fee-simple. As the plaintiff did not join in the mortgage, the proceedings upon it did not affect her dower interest in the land eonveyed. When the right of dower has once attached, although it may possibly never become absolute, it cannot be defeated by any act of the husband in the nature of an alienation or charge. The widow cannot be deprived of it by the creditors of her husband, and when the husband obtains a loan upon a mortgage to which the Avife is not a party, her doAver is superior to the mortgagee’s equity.
But the question to be determined is, whether the widoAV, having elected to take the provision made for her in the will of her husband, is entitled to dower in real estate of which he Avas seized as an estate of inheritance during coverture, and which he aliened by deed in his life-time, but in the execution of Avhich deed she did not join. James A. Corry died in 1881, and the rights of his widow acquired under his will, so far as *207 they are affected by statutory provisions, come under the operation of the Revised Statutes.
Section 5963, of the Revised Statutes, provides: “ If any provision be made for a widow, in the will of her husband, it shall be the duty of the probate judge, forthwith after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will take such provision, or bo endowed of the lands of her said husband and take her distributive share of his personal estate; and said election shall be made within one year from the date of the service of the citation aforesaid; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention that she'should have such provision in addition to her dower and distributive share.”
Section 5964 provides: * * * “ On the application by her to take under the will, it shall be the duty of the court to explain to her the provisions of the will, her rights under it, and by law in the event of- her refusal to take under the will; * * and if the widow shall fail to make such election, she shall retain her dower, and such share of the personal estate of her husbad as she would be entitled to by law in case her husband had died intestate, leaving children. If she elect to take under the will, she shall be barred of her dower and such share, and take under the will alone, unless as provided in the next preceding section.”
At common law, where there was a provision in the will for the widow, the presumption was that the testator intended it to be in addition to dower, there being no express words putting the widow to her election, nor any incompatibility arising on the face of the will between the two claims. But under the statute, unless an intention to the contrary plainly appears byythe will, the presumption is that the provision made for the widow in the will of her husband is in lieu of dower. “ Under our statute, the will is to be regarded as assuming to dispose of the dower estate, unless the contrary clearly appears.” Huston v. Cone, 24 Ohio St. 21.
There is no language in the will indicating an intention of the testator, that the plaintiff should have dower as well as *208 the testamentary provision — no expression to overcome the presumption that the provision is exclusive of dower. It is insisted, however, that while the widow’s election to take under the will bars her of dower in testamentary property, it does not thus operate as to lands of which the husband was seized during coverture, which he had conveyed, but in the conveyance of which she did not join. We are satisfied from an examination of the statutes, that the bar to dower by reason of the widow’s election to accept under the will,- extends to all real estate of which the husband may have been seized as an estate of inheritance at any time during the coverture, and in which the wife’s dower has not been extinguished by the statutory method.
The plaintiff’s rights under the will cannot be mistaken. And if she had declined the testamentary provision, her rights as a widow would be placed equally beyond dispute by section 4188 of the Revised Statutes, which endows the widow of “ one-third part of all the lands, tenements and real estate, of which her husband was seized as an estate of inheritance at any time during coverture.” Under section 5963, it is left to the widow’s option either to take such provision as is made for her in the will of her husband, “ or be endowed of the lands of her husband,” that is, take her dower as secured to her by section 4188 with all that the word imports. If she elects to take under the will, by section 5964, “ she shall be barred of her dower.” The term “ dower ” is not of obscure and uncertain meaning. It is unambiguous, and has a fixed, definite and legal signification. It is a right that attaches not merely to the lands of which the husband dies seized, but to all the lands whereof he was seized, either in deed or in law, at any time during the coverture. Litt., section 36; 4 Kent’s Com. 35. If to be endowed of the lands pf her husband, or have dower in his lands, applies to all lands whereof the husband was seized as an estate of inheritance at any time during the intermarriage, the language of section 5964, “ she shall be barred of her dower ” upon her electing to take under the will, should have a no less extended application, and cannot be confined to property devised in the will. The meaning of *209 dower is not so elastic as to embrace one thing when the widow would be endowed according to law, and another thing when she is to be barred of dower by accepting the provisions of the will.
The statute contemplates an alternative, either that the widow shall take imder the will alone, unless a contrary intention plainly appears thereby, or retain the provisions made for her by lato; but she cannot be entitled to both. If she accepts the testamentary provision made for her, she thereby relinquishes the provisions which the law makes for her, and which includes dower in its legal sense. Thus, the statute, when the widow applies to take under the will, makes it the duty of the court to explain to her, her “ rights by law,” in the event of her refusal to take under the will. Again, if she is unable to appear in court on account of ill health, or is a non-resident of the county, a suitable person may be authorized to take her election to accept the provisions of the will “ in lieu of the provisions made for her by law,” and it becomes incumbent upon such person to explain to her, her right under the will and “ by law.” And so, if the widow is not able to make an election by reason of insanity or imbecility of mind, it devolves upon the probate court to make an election for her, after ascertaining and becoming satisfied by the method prescribed in the statute, that the testamentary provision for the widow “ is more valuable and better for her than the provision by law.” It is manifest that if in the alternative she takes under the will alone, she cannot assert a valid claim upon property which is not embraced in the will, and which could not be the subject of testamentary disposition.
The force and intent of the aforegoing enactments, and others of like purport and effect, as operating to bar the widow’s dower in lands aliened by the hnsband during intermarriage, have been illustrated by numerous authorities in other states, in the construction of their statutes in relation to dower and wills, and of devises for the wife’s benefit. In Steele v. Fisher, 1 Edw. Ch. 435, a husband conveyed real estate in fee, without his wife’s joining. Afterward, by' will, he bequeathed *210 to the wife a third of the remainder of his real and personal estate, as and for her right of dower, during her life. She accepted it, and it was held that it was a relinquishment of her claim for dower out of the realty which had been conveyed by the husbaud alone, as well as out of the lands whereof the husband was seized at the time of making his will. It was urged that the provision which the widow accepted, was only a substitute for dower in the estate which the husband had at the time of making the will, and had no bearing upon the right of dower in property previously conveyed. But, said the Nice Chancellor, “ No case is to be found in the books where the distinction here taken has prevailed; and it is difficult to perceive upon what foundation it can be supported, unless there is something in the bequest to show it was intended as a substitute for dower only in some particular parts or portions of the real estate whereof the husband had been seized, and not in the whole to which the right would ordinarily attach.”
Palmer v. Voorhis, 35 Barb. 479, is a case in which the testator by his will made a provision for the benefit of his wife, which was to be a charge upon his real estate, and declared it should be received by her in lieu of dower and thirds of his real and personal estate. But her dower was held to embrace not only an estate in the lands whereof her husband died seized of an estate of inheritance, but also in all lands of which he was so seized during coverture, notwithstanding he may have parted with his interest by a deed of conveyance to others.
The statute of distributions of South Carolina passed in 1791, provided: “That in all cases where provision is made by this act for the widow of a person dying intestate, tbe same shall, if accepted, be in lieu and bar of dower.” In construing this language of the statute, Whitner, J., in Evans v. Pierson, 9 Rich. (S. C.) 9, says: “ It is suggested that the clause in review has reference only to the lands of which the husband dies seized.' * * * Such has not been the course of judicial interpretation heretofore. The right of dower attaches to all the lands and tenements whereof the *211 husband was seized during the coverture. Hence, it has been held, that when the term is used in the act, it embraces the whole right, and consequently where a widow- accepts a provision under the act, it is in lieu of dower entirely, whether in lands aliened, or in those of which the husband continued seized, the design of the statute being clearly to give the right of election between dower at common law and the provision made by the act.” See, also, Avant v. Robertson, 2 McMull. (S. C.) 215.
In Haynie v. Dickens, 68 Ill. 267, the widow claimed dower in the lands of which her husband was seized during coverture, but which were sold during his life-time on execution. The plaintiff had never released her dower, but tho defense relied on was, that her right was barred by a provision made for her by her husband in his will. By the 10th section of the dower act of Illinois, it was provided: “ Every devise of land or any estate therein by will shall bar her dower in lands unless otherwise expressed in the will, but she may elect whether she will take such devise, or whether she will renounce the benefit of such devise, and take her dower in the lands of her husband.” It was urged that this section of the statute could have no application to the case at bar, for the reason that the land in which dower was claimed had been sold on execution, and the testator at the time of his death had no interest in it. The court said, “We do not think this view of the law can be sustained. It was doubtless the intention of the legislature to provide, that a devise of land or any estate therein should bar the widow’s dower in all lands of which her husband was seized during coverture, whether he had alienated the same in his life-time or not.”
The legislation of Massachusetts bears a marked resemblance to that of Ohio, in regard to the rights of a widow claiming to be endowed in the lands of her husband, though a provision has been made for her in his will. Section 24, of the Massachusetts statute of wills (Genl. Stats. 1860, ch. 92), is in pari materia with sections 5963 and 5964, supra, and reads as follows: “ When a man dies having lawfully disposed of his estate by will, and leaving a *212 widow, she may file in the probate office in writing her waiver of the provisions made for her in the will; and shall in such case be entitled to such portion of his real and personal estate as she would have been entitled to if her husband had died intestate. If she makes no such waiver, she shall not be endowed of his lands, unless it plainly appears by the will to have been the intention of the testator that she should have such provisions in addition to her dower.” In Buffington v. Fall River National Bank, 113 Mass. 246, the demandant of dower contended that the land having been aliened in the life-time of the testator, was no part of “ his lands,” and, therefore, not within the provisions of the statute above quoted. “But,” said the court, “the claim of dower out of lands aliened, without release by the wife, stands upon the same right as that of dower in lands remaining a part of the estate devised. * * * The same reason exists for applying the bar in one case as in the other. Thez’e is nothing in the phz’aseology of the statute to limit its application to lands held at the decease of the testator. The expressions ‘ endowed of his lands,’ and ‘ dower in the lands of her husband,’ when used affirmatively, embrace, without question, dower in all lands of which the husband is seized at any time during coverture.”
At variance apparently with the decisions which we have herein cited, is the case of Borland v. Nichols, 12 Pa. St. 38, in which it was held that the widow’s acceptance of a devise to her did not, under section 10, of the intestate law of 1797, bar her of her dower in land which her husband conveyed in his life-time, and in the conveyance of which she did not join; and the fact that the husband conveyed with general warranty, will not restrain the operation of the statute. The court in commenting upon the act obsez’ved, thát the simple absence of every direct expression indicative of a design to bring lands aliened within the purview of the enactment, ought in itself to be accepted as sufficiently proving that no such design was entertained. It is not unreasonable that the court might have reached a different conclusion, and have found an equivalent to such “direct expression” had the Ohio enactments been under consideration. The requirement of section 5964, *213 that the court should explain to the widow her rights under the will and by law, could not be complied with without making known to her, her statutory right of dower comprehending aliened as well as other lands. And, as by electing to take under the will she would be barred of her dower, and compelled to take under the will alone, it would at once be obvious that she could not in such case be dowable in lands that had been aliened, and were therefore beyond the scope of the will.
.It has been suggested that the covenants contained in the mortgage to Adolphus H. Smith run with the land, and that an action might be maintained thereon by any grantee in possession at the time of a breach by reason of assigning dower to the widow. A debt or claim, it is said, would thus be created-against the estate of the testator or mortagor, and the several devises and bequests in the will other than those of the widow, would be lessened or defeated by her claim of dower in aliened lands, for that, in taking under the will in lieu of dower, she becomes a purchaser for a valuable consideration, and holds the property thus acquired free from the claims of the creditors of the estate. The decision of the case at bar does not require the determination of questions to which such considerations might give rise. It is enough to refer to the approved doctrine, that if the testator has made such a disposition of his real estate that the assertion by the widow of her right to dower would prevent that disposition taking effect according to his intention, then she must elect to abandon either her dower or the benefit given her by the will. Dixon v. McCue, 14 Gratt. 549.
In the view we have thus taken of the case, the plaintiff is not entitled to dower in the lands sold and conveyed under judicial proceedings in the foreclosure suit, and there should be judgment for the defendant.

Judgment accordingly.