### *In re* NAGEL.

*(Surrogate's Court, Cattaraugus County. January 19, 1891.)*

1. DOWER—BEQUEST IN LIEU OF—RIGHTS OF CREDITORS.
    A widow who takes a bequest in lieu of dower is not entitled to preference over her husband's creditors.

2. SAME—ELECTION—ENTRY ON LANDS.
    Where a widow continues to occupy the real estate of her husband after his death the same as during his life-time, it is not "an entry on the lands to be assigned to her for her dower," so as to constitute a renunciation of a bequest in lieu of dower, within Rev. St. N. Y. pt. 2, c. 1, tit. 3.

Proceedings to sell the real estate of Joseph Anton Nagel, deceased, to pay his debts.

*E. D. Northrup*, for widow.   *Ansley & Davie* and *W. R. Pindar*, for creditors.

SPRING, S.   The real estate of testator has been sold for the payment of his debts, by proceedings for that purpose in surrogate's court, and the entire proceeds of sale will be insufficient for their payment in full. His widow claims dower in his real estate, and consequently in the avails of this sale. Nagel died in June, 1887. He left a last will and testament, in which he devised to his wife one-third of the rents, use, and income of his real estate, and also gave her a bequest of $100, providing explicitly this devise and bequest should be in lieu of dower. In 1890,—nearly three years after the death of Nagel,—his widow, who had then remarried, made and caused to be filed a paper in this proceeding, in which she in form renounced her right to this devise and bequest, intending thereby to take her portion as widow in the proceeds of this sale. Her election was made too late. The statute requires her to come to this decision within a year after the death of her husband, and in case of her failure so to do "she shall be deemed to have elected" to take under the will. Rev. St. pt. 2, c. 1, tit. 3, §§ 13, 14; *Palmer* v. *Voorhies*, 35 Barb. 479; 1 Pom. Eq. Jur. § 496. And her ignorance of the condition of her husband's estate, or the fact that the testamentary provision is disproportionate to the value of her dower, does not relieve her from the effect of this statute. *Akin* v. *Kellogg*, 119 N. Y. 441, 23 N. E. Rep. 1046; *Lewis* v. *Smith*, 9 N. Y. 502–511; 1 Pom. Eq. Jur. § 496.

But the counsel for the widow urges that, in case the statute of limitations has run sufficiently long to prevent her from making the election under the statute, the provision in the will operates as a contract whereby she will receive the bequest and devise preferentially to creditors and legatees. While this construction is probably correct as against legatees, yet it has been uniformly held the rule does not apply when the rights of creditors are involved. *Isenthart* v. *Brown*, 1 Edw. Ch. 411; *Babcock* v. *Stoddard*, 3 Thomp. & C. 207; *Beekman* v. *Vanderveer*, 3 Dem. Sur. 619; *Sanford* v. *Sanford*, 4 Hun, 753. The legatees, as such, have no legal claims upon the testator's property. They are the objects of his voluntary bounty. So the reason for the rule, as applied to creditors, does not exist when the rights of the legatees are

brought in contact with the provisions for the widow. If the construction claimed obtained against creditors as well as against legatees, an unscrupulous debtor could, within the pale of the law, effectually deprive his creditors of any share in his estate after his death. He could will all of his property to his wife in lieu of dower, and, without any active participance on her part, she could retain the entire estate, to the exclusion of his creditors. The proofs show the widow continued to occupy her husband's property after his death the same as during his life-time. The real estate consisted of an hotel, and she continued in the management of this hotel for two or three years after his death. Counsel claims this was "an entry on the lands to be assigned to her for her dower;" thus making an election, within the statute. I do not think her conduct has any such significance. She had minor children, and with them continued in the occupation of all the property left by her husband. There was no specific setting apart of any of it in her occupation. She held the land in common with the children, making a home for them all, the same as before her husband's death. Her occupation was the same as that of nearly every family of a decedent. A farmer dies, leaving a bequest to his widow in lieu of dower. In by far the greater majority of cases she and her children will continue to occupy and carry on the farm on the lines marked out by the decedent. But this cannot constitute "an entry on the lands to be assigned to her for her dower." That means a positive, unequivocal act announcing her determination to make an election. The presumption is she will accept the provisions of the will rather than her dower. O'Hara, Wills, 246. And she must overcome this presumption by the positive act of election provided for in the statute. This cannot be done by conduct more in harmony with an acceptance of the provisions of the will than in hostility to it. Suppose the hotel property had been willed to her, either absolutely or for life, would her occupation then be construed as an act in rejection of the provisions of the will, and an intention to elect to receive her dower interest therein? The occupation would be the natural and reasonable consequence of the devise. Where is the difference in the rule when the devise is limited to a third of the rents? She has a year in which to acquaint herself with the condition of her husband's estate; and if, within that time, she desires to receive an assignment of her dower rather than the testamentary provisions in her favor, she is called upon to assert that wish by unmistakable conduct on her part. This rule may often be a harsh one, as in this case; but there is no way out of the predicament without violating the plain terms of the statute.