PAUL V. FLYNN, as Executor, etc., of MARY M. McDERMOTT, Late of the County of Kings, Deceased, Respondent, v. MICHAEL F. McDERMOTT, as Executor, etc., of JOHN McDERMOTT, Late of the County of Kings, Deceased, Appellant.

*Widow — election to accept a legacy in lieu of dower — effect of her death within a year pending an action by her to have the will declared invalid.*

Where a widow, who, by her husband's will, was bequeathed a legacy of $9,000 in lieu of dower, dies within the year following her husband's death, during the pendency of an action which she had commenced to have the will declared invalid and the probate thereof revoked, upon the ground that the testator lacked testamentary capacity, the personal representative of the deceased widow is entitled thereafter to bring an action against the testator's executors to recover the legacy bequeathed to the widow in lieu of dower.

The action commenced by the widow cannot be construed as an action to recover her dower, nor as evincing an intention upon the widow's part not to accept the provisions of the will.

The widow was not called upon to make her election, between her statutory right of dower and the provisions of the will, until it was judicially established whether her husband had in fact made the will, and her election to reject the provisions of the will cannot be established in any other way than in the manner prescribed by the statute.

APPEAL by the defendant, Michael F. McDermott, as executor, etc., of John McDermott, deceased, from a judgment of the Supreme

Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of June, 1904, upon the decision of the court rendered after a trial at the Kings County Trial Term, a jury having been waived.

By section 180 of the Real Property Law (Laws of 1896, chap. 547) it is provided that if a pecuniary or other provision is made for a woman by will in lieu of her dower, she must make an election between the provision so made and her dower right.

Section 181 of said statute provides that where a woman is entitled to an election as prescribed in the last section " she is deemed to have elected to take the * * * pecuniary provision, unless within one year after the death of her husband she enters upon the lands assigned to her for her dower or commences an action for her dower ; " but, " during such period of one year after the death of her said husband, her time to make such election may be enlarged by the order of any court competent to pass on the accounts of executors, administrators or testamentary trustees, or to admeasure dower, on an affidavit showing the pendency of a proceeding to contest the probate of the will containing such * * * pecuniary provision or of an action to construe or set aside such will * * * and on notice given to such persons and in such manner as such court may direct."

*Henry B. Wesselman,* for the appellant.

*Thomas F. Magner,* for the respondent.

Judgment affirmed, with costs, upon the opinion of Mr. Justice JOHN M. KELLOGG at Special Term.

HIRSCHBERG, P. J., BARTLETT, WOODWARD and MILLER, JJ., concurred ; HOOKER, J., not voting.

The following is the opinion of Mr. Justice JOHN M. KELLOGG :

KELLOGG, J. :

John McDermott died March 18, 1902. By his will he gave to Mary M McDermott, his wife, a legacy of $9,000 in lieu of dower. On the 12th of July, 1902, she commenced an action in the Supreme Court to have the will declared invalid and the probate thereof revoked upon the ground of testamentary incapacity, and while such

action was pending she died on the 11th day of September, 1902, and the plaintiff, her personal representative, brings this action to recover said legacy. The defense is that the right to the legacy depends upon an election to be made by the widow to accept it in lieu of dower; that such right of election is purely personal to her, and she having died without making it, her estate cannot elect for her or recover the legacy, and that by her death the consideration she was to pay the estate for the legacy, namely, her dower interest, has ceased to exist. The defendant cites several cases which he claims are authority for his position, but this case seems to turn upon the proper construction of section 181 of the Real Property Law (Laws of 1896, chap. 547).

It is clear that the testator deemed the legacy to his wife a suitable and proper provision for her considering her station in life, his property and the other persons dependent upon his charity or bounty. But he did not mean that she should have the legacy and her dower too. The will fixes the limit of what the testator desired her to receive. But if she were not satisfied with it she could renounce it and take her dower. It is too technical a view to treat the provisions of the will as an offer made by the husband to her and that she personally must accept this offer and thus close the contract, and that having died within the year which would bar her election, that she thereby forfeits the provisions which her husband intended for her. The widow is treated as the favorite legatee, the one nearest to the testator, the person for whose welfare he is most solicitous, and she is entitled to a liberal and not a technical or restricted construction of the statute. She is not deprived of the benefits under the will because she did not survive her husband the year and thus become barred from recovering her dower. The legacy was given her without regard to the probable duration of her life and without any condition whatever, except that it was the limit of what she was to receive from the estate. This case is covered by the provisions of the statute which puts the widow in the position of a presumed acceptance of the legacy, assuming that the husband has provided for her more liberally than the law itself would do. And whether the lapse of the year, or her death within the year, prevents her rejecting the benefits of the will, the fact remains that she did not enter upon the lands assigned to her for her dower or take any pro-

ceedings to recover her dower during the year, and the statute declares that the legacy is hers unless she does one of those acts. The year having elapsed, no act of rejection having been done as provided by the statute, the only condition attached to the payment of the legacy has been fulfilled. Her estate does not make any election for her but the statute itself declares it.

The bringing of the action seeking an adjudication that her husband had in fact made no will is not an election between her dower and the provisions of the will, but was simply one step provided by law in determining whether her husband had left a will or not, and is just the case provided for in section 181 of the Real Property Law where, if an action is pending during the year to determine the validity or construction of the will, she may obtain an order extending her time to make the election so that she may act understandingly. It was not contended upon the trial that the action to set aside the will was an act to recover her dower, and it clearly was not. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424.) It is only claimed for it that it showed an intention upon her part not to take the provisions of the will. It is clear that it does not show any such intention, for two reasons: *First*, she was not called upon to make her election until it was judicially established in a tribunal provided for her whether her husband had in fact made the will; and, *second*, section 181 of the Real Property Law determines her election for her unless she enters upon the real estate assigned to her for her dower or brings an action to recover her dower within the year. During the year, and at all times until she has renounced its provisions in the manner provided by law, she occupies the position of a legatee. But her legacy, in some respects, takes precedence over other legacies, for the reason that it is given to her in satisfaction of her dower, and if she takes it she extinguishes her dower. Her election to reject the benefits of the will cannot be established in any other way than in the manner provided by the statute. The death of the widow within the year does not deprive her of the legacy, and her executor may maintain this action to recover it. Judgment is, therefore, directed in favor of the plaintiff. Findings may be prepared accordingly.