(91 Misc. Rep. 391)

In re KNAPP.

(Surrogate's Court, Rockland County. July, 1915.)

1. WILLS ☞822—LEGACY—CHARGE ON RESIDUARY ESTATE.
   Where testator's personal estate had been administered and applied pursuant to the will prior to the death of his widow, a legacy of $500 to be paid by the terms of the will on such death to the trustees of a church on condition that they keep testator's family burial lot in good order, was a charge on the realty comprising the residuary estate devised by another provision of the will on the wife's death.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2120; Dec. Dig. ☞822.]

2. WILLS ☞820—CONSTRUCTION—LEGACIES—CHARGE ON REALTY.
   Whether a legacy is made a charge on testator's realty is always a question of intention, to be determined from the language of the will, unless it is ambiguous, in which case extrinsic facts and circumstances may be considered.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119, 2121; Dec. Dig. ☞820.]

In the matter of the petition of Jennie M. Knapp, residuary devisee, for a construction of the last will and testament of Salinus Conklin, deceased. Decreed according to opinion.

Frederick G. Grimme, of New York City, for petitioner.

Wallace B. Lydecker, of Nyack, for legatee Reformed Church at Tappan.

McCAULEY, S. This proceeding was instituted under and in accordance with the provisions of section 2615 of the Code of Civil Procedure to obtain a judicial construction of the fourth clause or paragraph of the last will and testament of Salinus Conklin, deceased; the petitioner being the residuary devisee. The testator died January 1, 1892, and his will was admitted to probate by the Surrogate's Court of this county February 5, 1892.

It is conceded by counsel that the authority of this court to determine the validity, construction, or effect of any testamentary disposition of property in a special proceeding taken for that purpose in accordance with the provisions of the above section, as amended and in force since September 1, 1914, is made applicable to the will under consideration by the provisions of section 2769. The will, in its opening clause, contains a direction to the executors to pay all of the testator's just debts, funeral and testamentary expenses. By the first item a legacy of $1,000 is bequeathed to Josephine Blauvelt, and by the second item certain real property, with the buildings thereon, is devised to Lawrence W. Campbell in fee simple. The third and fourth items are as follows:

"Third. I give to my beloved wife all of my personal property, except the $1,000 above named, absolutely. I do also give her the use and benefit of all the real estate of which I may be possessed at the time of my decease, with the privilege of selling any part of the same when to the benefit of the residuary legatee.

"Fourth. At the decease of my wife, I direct that my executors shall pay to the trustees of the Reformed Church at Tappan, the sum of $500 on the condition that the said trustees shall keep forever my family burial plot in good order, and if there is no monument, and fence around the plot, at the time of the death of my wife, I direct that the sum of $1,000 shall be retained from the residuary estate to procure and set up said monument with the proper inscription and erect said fence; then all the rest, residue and remainder of my said estate, I give, devise and bequeath to Jennie M. Knapp, the wife of George A. Knapp, forever, the same to be given her at the earliest opportunity after the death of my wife."

The personal property was appraised at the sum of $3,149.87. This amount was somewhat augmented by the addition of interest which subsequently accrued upon certain savings bank accounts. There remained of the personal property, after the legacy of $1,000, and the debts and funeral and testamentary expenses were paid, the sum of $1,301.-75. This amount the executors accounted for and paid to the widow, as the residuum of the personal property, under the third item of the will. The residuary estate, therefore, consisted solely of real property, the use and benefit of which were given to the widow during her lifetime, with the privilege of selling the whole, or any part thereof, provided such sale would benefit the residuary devisee. This conditional power of sale was never exercised.

The widow, at her own expense, procured and placed a monument, suitably inscribed, in the family burial plot, and inclosed the plot with a fence, and the residuary estate was thereby relieved of that charge. The widow, also, by an instrument in writing, released to the residuary devisee her life interest in the real property, of which the residuary estate was composed. The widow died September 26, 1914. The payment to the trustees of the Reformed Church at Tappan of the sum of $500, which the executors are directed to make, upon the widow's death, for the care, in perpetuity, of the family burial plot, has not been made. The trustees have requested such payment, and have signified their willingness to comply with the condition upon which it was to be made.

[1] The particular question which I am asked to determine is whether or not the amount payable to the trustees of the Reformed Church, upon the widow's death, is a charge upon the real property which comprises the residuary estate. It is quite evident, as it appears to me, that the testator intended, although there is no express declaration to that effect, that the residue of his real property, after the widow's death, should constitute the fund out of which said amount should be paid, as well as the amount to be expended for the monument and fence, if, upon the widow's death, the executors found it necessary to make that expenditure.

It will be observed that by the third item of the will the testator gave to his wife, absolutely, all of his personal property, except the legacy of $1,000. The gift was, in reality, subject to the payment of debts and funeral and testamentary expenses, and the payment of these charges so depleted the personal estate that the widow actually received but $1,301.75. The personal property was fully administered and applied, in accordance with the terms and provisions of the will, prior to the widow's death, so that when that event occurred the ex-

ecutors had no personal assets in hand out of which they could make the payment in question. Moreover, by the very terms of the will, the personalty is relieved of the payment, for in no event is it to be made until the widow's death. The only property then available was the real property, which, in the fourth item of the will, is devised to the petitioner.

The intention of the testator to make the payment a charge upon his real property is, I think, clearly to be inferred from the language of the fourth item. The executors are therein directed, after the widow's death, to make the payment of $500, and, contingently, to retain from the residuary estate and expend the further sum of $1,000 for a monument and fence, and then follow these words:

"Then all the rest, residue and remainder of my said estate I give, devise and bequeath to Jennie M. Knapp, wife of George A. Knapp, forever."

This implies that the residuary devisee should take what remains of the property, after one or both of the payments are made, as the case may be. Inasmuch, therefore, as the property consists of realty, the amounts which the executors are directed to pay constitute, in my opinion, an implied charge thereon. It is a well settled rule that legacies may be charged upon real estate, without express direction in the will, if the intention of the testator so to do can be fairly gathered from all the provisions of the will, and that extraneous circumstances may be considered in aid of the terms of the will. Hoyt v. Hoyt, 85 N. Y. 142; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480.

[2] Whether a legacy is made a charge upon the testator's real property is always a question of intention; and we must seek for and ascertain that intention in construing the will under consideration. Primarily, the language of the will is the basis of the inquiry; but, where the language is ambiguous or doubtful, extrinsic facts and circumstances, which aid in the interpretation of the language employed and help to disclose the actual intention, must be considered. Williams v. Jones, 166 N. Y. 522–533, 60 N. E. 240. It is especially true that the court, in the interpretation of the residuary clause, will look, not only at the language employed, but at the surrounding circumstances, to discover what the intention of the testator was. Kerr v. Dougherty, 79 N. Y. 327. In Johnson v. Brasington, 156 N. Y. 181, 185, 50 N. E. 859, 860, Mr. Justice O'Brien, writing the opinion, says:

"When we speak in such cases of the intention of the testator, * * * we mean that when he has expressed himself in ambiguous or doubtful language that the law will impute to his words such a meaning as, under all the circumstances, will conform to his probable intention and be most agreeable to reason and justice."

See Riker v. Gwynne, 201 N. Y. 143, 94 N. E. 632.

It is a well-established rule of construction that the court may not make a new will to carry out some supposed, but undisclosed, purpose, but shall first ascertain what the testator actually intended by the language employed, when properly interpreted, and then determine whether such intended provisions are valid or otherwise, and, if valid, give effect to the general scheme and purpose of the will. The court may

interpret and construe but it cannot make a new will. Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146.

The testator's purpose was to give his wife absolutely the whole of his personal estate, after payment of the legacy of $1,000 and the debts and funeral and testamentary expenses, and also the beneficial use and enjoyment, during the term of her natural life, of his real property not specifically devised, without depletion or charge. He knew that, upon the death of his wife, when his executors would be called upon to make the payment of $500, and the expenditure of $1,000 for a monument and fence, they would have no personal assets in hand, and therefore it is fair to assume that he intended to charge the payment of these amounts upon the real property, not specifically devised, and of which his residuary estate was composed. Ely v. Ely, 163 App. Div. 320, 336, 148 N. Y. Supp. 691.

In McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480, which was an action to have a legacy adjudged to be a charge upon the real estate, Mr. Justice Finch said:

"His personal estate was insufficient even to pay his funeral expenses, and the two legacies to the widow and son were mere mockeries, unless meant to be a charge upon the real estate. The testator must have known that he had no personal estate with which to pay the smallest portion of his bequests, and unless he meant to charge them upon the land we must impute to him the deliberate and conscious intention of making bequests to his wife and son which he knew could never be paid. * * * The situation is such that all possibility of innocent mistake is removed, and the facts drive us to the alternative of believing that the testator, in making his last will, under the solemnity of approaching death, indulged in bequests known to be useless and vain, or meant that they should be paid from the only possible source. No reasonable intelligence can hesitate to draw the latter inference."

In Irwin v. Teller, 188 N. Y. 25, 80 N. E. 376, there was a finding by the trial court that the testator left no personal property. The court said:

"Starting out with these findings, the conclusion follows under the settled law of this state that these legacies are a charge upon the real estate of the plaintiffs devised to them by the testator."

See, also, Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717, and Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054.

In Richardson v. Richardson, 145 App. Div. 540, 129 N. Y. Supp. 941, Mr. Justice Rich says:

"The testator knew when he executed his will that his personal property was insufficient to pay even the amount he had determined his executors should receive for their services, and it is not to be presumed that he intended to prefer the corporations to the exclusion of his own kindred, and it is noticeable that he disposed of both his real and personal property as a whole, and without making any distinction between real and personal property. I think that it was the intent of the testator that his real and personal estate together were to furnish the funds out of which the legacies were to be paid. The deficiency existed at the time the will was executed; it is so large and so obvious as to preclude any possible inference that the testator did not know and realize it, and it must be held that the legacies are a charge upon the real property of the decedent"—citing McCorn v. McCorn, supra; Briggs v. Carroll, supra; Irwin v. Teller, supra; Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E 292; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235.

It follows from what has been said that the legacy of $500 bequeathed to the trustees of the Reformed Church became and is a charge upon the real property devised to the petitioner in and by the fourth clause of the will.

A decree in accordance herewith may be entered herein upon the usual notice.

Decreed accordingly

━━━━━━━━

(91 Misc. Rep. 471.)

### In re POLLOCK'S ESTATE.

(Surrogate's Court, New York County. August, 1915.)

EXECUTORS AND ADMINISTRATORS ☞475—ACCOUNTING—MONEY COMING INTO EXECUTOR'S POSSESSION.