Matter of the Estate of THADDEUS LOCKWOOD, Deceased.

(Surrogate's Court, Rockland County, September, 1917.)

Wills — provisions of — legacy — power of sale — dower — election — evidence — Real Property Law, § 200.

Where a testator, who at his death was the owner of real property worth $2,000 and some household furniture of but little value, bequeathed to his wife all of his personal estate, an additional legacy to her of $1,000, if accepted, is an implied charge on real estate passing under the residuary clause, though the will does not expressly charge the real estate with the payment of the legacy.

The will, which contained no power of sale, was executed more than four years prior to testator's death and his wife died more than five years later and during the whole of the intervening period and until her death she occupied the real property and had possession of her husband's will, which was admitted to probate more than seven months after her death. No portion of the real estate was assigned to her for dower, she brought no action therefor, neither was her time to make her election between the legacy and dower enlarged or extended, nor was there any evidence on her part of a willingness or of an intention either to accept or decline the legacy. *Held*, that having failed to make an election as required by

12

section 200 of the Real Property Law she must be deemed to have accepted the legacy in lieu of dower, and that her personal representative has a valid claim therefor against the husband's estate.

PROCEEDINGS for determination by this court of the question as to whether the testator's widow, during her lifetime, had elected to take her dower in his real property, and to waive a legacy or pecuniary provision given to her in lieu thereof.

Sykes, McCole & Potter, for petitioner.

John F. Bargfrede, for widow's administrator.

McCAULEY, S.   The decedent, Thaddeus Lockwood, died December 18, 1909, leaving a last will and testament dated September 9, 1905, and which was admitted to probate by this court January 15, 1917.

The will in its opening clause directs that the testator's just debts and funeral expenses shall be paid as soon as convenient after his death.   The second and third clauses, which are before us for consideration, are as follows:

" II. I give and bequeath to my wife the sum of one thousand ($1,000) dollars; and all my personal property, and I expressly declare that this gift to my wife, if accepted by her, shall be taken in lieu of dower.

" III. All the rest, residue and remainder of my property I give, devise and bequeath to my sister Lizzie Jane Dann, and my nieces Matie Grindle and Minnie Grindle, share and share alike, and to their heirs, executors, administrators and assigns forever."

The executor named in the will failed to qualify, and thereupon letters of administration, c. t. a., were granted to Matie E. Grindle, one of the residuary legatees, February 13, 1917.

The testator's wife, Emilie C. Lockwood, survived him, but died intestate May 1, 1916, and letters of administration upon her estate were granted by this court to George W. Sherman, who qualified and is now acting as such administrator.

The legacy of $1,000 has not been paid and this proceeding was initiated by the administratrix, c. t. a., for the purpose of obtaining an adjudication by this court upon the question whether the widow had elected, during her lifetime, to take her dower in the testator's real property and had thereby waived the legacy or testamentary provision in her favor.

The administrator of the widow's estate insists that she made no election, express or implied, and must be deemed to have accepted the pecuniary provision; and, therefore, that the bequest is a valid claim in favor of her estate.

The testator's real property consisted of a house and lot known as the homestead, valued at $2,000, or thereabouts, situated at Spring Valley, in this county, wherein he and his wife resided at the time of his death; and his personal property at the time of his death consisted of certain articles of household furniture, of little value, which have been delivered to the administrator of the widow's estate. I think the evidence before me justifies the inference that the testator had no other personal property at the time of the execution of his will, or subsequently.

There was no personal property out of which the legacy could be paid, and its payment, therefore, depended upon the question whether or not it was a charge upon the real property.

The fact was proven upon the hearing, and not disputed, that the widow continued to occupy the homestead, with its furniture, until her death. It also appeared that on January 10, 1910, she had possession

Surrogate's Court, Rockland County, September, 1917.    [Vol. 101.

of her husband's will, that it remained in her possession until she died, that she knew its contents, and took no proceeding for its probate.

The will was found in the dwelling amongst the testator's personal effects after the widow's death, and was then offered for probate by one of the residuary legatees.

The case presents two questions for our consideration, namely, (1) was the legacy, or pecuniary provision in favor of the widow, if accepted, a charge upon the real property; and (2) was there an election on the part of the widow, either express or implied, to accept the legacy or pecuniary provision, and a consequent waiver of her right of dower in the real property?

We think the first question must be answered in the affirmative. The will contains no power of sale, nor does it in express terms charge the payment of the legacy upon the real property, but we think there is an implied charge.

The testator's words are, " I give and bequeath to my wife the sum of one thousand ($1,000) dollars, and all my personal property," etc. In the residuary clause, which immediately follows the bequest to the wife, " all the rest, residue and remainder of my property " is given in equal shares to the three residuary legatees. The gift to his wife was of all his personal estate and an additional legacy of $1,000.

Having given to his wife all of his personal property, the testator knew that the legacy, if accepted, must be paid out of his real property. There was no other property out of which it could be paid. The residuary legatees were given only what remained of the estate after the debts, funeral expenses and legacy were paid.

The rule that legacies may be charged upon real

property without express direction in the will, if the intention of the testator so to do can be fairly gathered from the provisions of the will, has received the sanction of our courts in various cases. It is always a question of intention, and while the language of the will is primarily the basis of the inquiry, yet where the language is ambiguous, uncertain or doubtful in its meaning, extrinsic facts and circumstances which aid in the interpretation of the language employed, and help to disclose the actual intention, may be considered. *Matter of Knapp,* 91 Misc. Rep. 391, and cases there cited, particularly *Ely* v. *Ely,* 163 App. Div. 320; *Hoyt* v. *Hoyt,* 85 N. Y. 142; *McCorn* v. *McCorn,* 100 id. 511; *Briggs* v. *Carroll,* 117 id. 288; *Irwin* v. *Teller,* 188 id. 25.

In *Ely* v. *Ely, supra,* which was an action for the construction of a will involving a similar situation, the court, at page 331, says: " I am of the opinion that the testator intended that the legacies provided by him should be paid; that he knew that the amount of his personal property was insufficient in and of itself to satisfy all the legacies; that he, therefore, intended that they should be charged upon his real estate, and that the will should be so construed."

In *Hoyt* v. *Hoyt, supra,* wherein it was sought to charge the payment of legacies upon real estate, the court said: " There is no express direction in this will that these legacies be charged upon the real estate. Yet legacies may be charged upon real estate without express direction in the will, if the intention of the testator so to do can be fairly gathered from all the provisions of the will; and extraneous circumstances may be considered in aid of the terms of the will. The will in this case is lean of the clauses and expressions that have been mainly rested upon in the earlier adjudications of this State as showing that intention.

Surrogate's Court, Rockland County, September, 1917.   [Vol. 101.

It does not direct the legacies to ' be first paid,' and then devise the real estate; it does not devise the real estate, nor the remainder of the real and personal estate, ' after the payment of the legacies;' it does not devise the real estate to a person in his own right, or as executor, and expressly direct him to pay the legacies. It does not make a residuary devise of ' all not herein otherwise disposed of.' These several forms of expression have been held to indicate an intention in the testator to charge the payment of the legacies upon the real estate devised. None of them are here. * * * It is assumed that no man, in making a final disposition of his estate, will make a legacy, save with the honest, sober-minded intention that it shall be paid. Hence, when from the provisions of a will prior to the gift of legacies it is seen that the testator must have known that he had already so far disposed of his personal estate as that there would not be enough left to pay the legacies, it is reasoned that the bare fact of giving a legacy indicates an intention that it shall be met from real estate. So it was reasoned in *Goddard* v. *Pomeroy* (36 Barb. 546–556).''

In *McCorn* v. *McCorn, supra,* which was a similar action, Judge Finch writing the opinion said: '' Whether a legacy is charged upon the real estate of the decedent is always a question of the testator's intention. The language of the will is the basis of the inquiry, but extrinsic circumstances which aid in the interpretation of that language, and help to disclose the actual intention, may also be considered. * * * His personal estate was insufficient even to pay his funeral expenses, and the two legacies to the widow and son were mere mockeries unless meant to be a charge upon the real estate. The testator must have known that he had no personal estate with

which to pay the smallest portion of his bequests, and unless he meant to charge them upon the land we must impute to him the deliberate and conscious intention of making bequests to his wife and son which he knew could never be paid. * * * the situation is such that all possibility of innocent mistake is removed, and the facts drive us to the alternative of believing that the testator in making his last will, under the solemnity of approaching death, indulged in bequests known to be useless and vain, or meant they should be paid from the only possible source. No reasonable intelligence can hesitate to draw the latter inference.''

In *Briggs* v. *Carroll, supra,* the testator gave to his wife a legacy of $2,500 to be accepted by her in lieu of dower; to his son C. $1,500, to be used for his education; and $500 to the plaintiff, his grandson. He gave his residuary estate to his four children. At the time of the execution of his will the testator's personal estate did not exceed $1,500 in value, of which amount he subsequently used $700 in the purchase of certain real property, and his personalty was still further depleted, as a source for the payment of legacies, before his death. In an action to have the plaintiff's legacy of $500 made a charge upon the testator's real property, in the hands of the residuary devisees, the court, at page 292, said: '' The testator must have realized the situation. He could not have been deceived or mistaken; and so we are shut up between two alternatives. Either he intended to sacrifice the comfort and welfare of his wife and son Charles for the benefit of his older and married children, and deliberately continued to make their situation worse by putting personal estate into land and incurring debts, or he supposed that their legacies would rest upon his real estate. I think we are justi-

Surrogate's Court, Rockland County, September, 1917.   [Vol. 101.

fied in holding that the latter was his understanding of the will.''

In *Irwin* v. *Teller, supra,* the trial court found that the testator left no personal property out of which certain pecuniary legacies could be paid, and the court on appeal (188 N. Y. 25) said: '' Starting out with these findings, the conclusion follows under the settled law of this state that these legacies are a charge upon the real estate of the plaintiffs devised to them by the testator.''

In *Richardson* v. *Richardson,* 145 App. Div. 540, the court said: '' The testator knew when he executed his will that his personal property was insufficient to pay even the amount he had determined his executors should receive for their services, and it is not to be presumed that he intended to prefer the corporations to the exclusion of his own kindred, and it is noticeable that he disposed of both his real and personal property as a whole without making any distinction between real and personal property. I think that it was the intent of the testator that his real and personal estate together were to furnish the fund out of which the legacies were to be paid.'' See, also, *Hogan* v. *Kavanaugh,* 138 N. Y. 417; *McManus* v. *McManus,* 179 id. 338.

The will now before us was executed more than four years prior to the testator's death. His wife's death occurred more than five years after his decease, and during that period, as above stated, she occupied his real property, had possession of his will, and was cognizant of its provisions. The will was probated more than seven months after the widow's death.

It does not appear that the widow paid the taxes, or made any expenditures for repairs upon the property. There is no evidence of any act on her part evincing a willingness or intention, either to accept

or decline the pecuniary provision.  She simply remained in possession of the property until her death without exercising her right of election.

The evidence shows that the residuary legatee, upon whose petition the will was probated, saw the will in the widow's possession at the time of the testator's death, and thereafter, and that she was familiar with all of its provisions during the period of the widow's occupancy of the property.  It also appears that one, if not both, of the other residuary legatees possessed the same information; and it is conceded that none of the residuary legatees ever called upon the widow to exercise her election, or made any objection to her occupation of the property.

The petitioner claims that there was an implied election on the part of the widow to take her dower in the real property, and to waive the legacy, arising out of the fact that she remained in possession of the property, and took no steps to probate the will.

The Real Property Law (Laws of 1909, chap. 52, § 200) provides that " If real property is devised to a woman, or a pecuniary or other provision is made for her by will in lieu of her dower, she must make her election whether she will take the property so devised, or the provision so made, or be endowed of the lands of her husband; but she is not entitled to both."  Section 201 of the same statute provides that where a woman is entitled to an election, as prescribed in the preceding section, " she is deemed to have elected to take the jointure, devise or pecuniary provision, unless within one year after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for her dower."  For the history of these provisions, see R. S., pt. 2, chap. 1, tit. 3, § 13, as amd. by Laws of 1895, chaps. 171, 1022, and Laws of 1896, chap. 547, § 180.

Surrogate's Court, Rockland County, September, 1917. [Vol. 101.

It is conceded that no portion of the real property was assigned to the widow for her dower, that she commenced no action for her dower, and that her time to make her election was not enlarged or extended, as provided by the statute, or otherwise. We think the statute was intended to require some act on the part of the widow which evinces a clear and unequivocal intention to make her election.

In *Matter of Nagel,* 12 N. Y. Supp. 707, the testator by his will devised to his wife one-third of the rents, use and income of his real estate, and also gave her a bequest of $100, providing explicitly that the devise and bequest should be in lieu of dower. Nearly three years after his death his widow, who had then remarried, made and caused to be filed in a proceeding for the sale of the testator's real property to pay debts a paper in which she in form renounced her right to the devise and bequest, intending thereby to take her portion as widow in the proceeds of the sale. The real estate consisted of a hotel, and the proofs showed that the widow continued to occupy the property, and to manage and operate the hotel, for two or three years after her husband's death, the same as he had done during his lifetime. The court, in passing upon the question of the widow's right to make her election at that time, says: " Her election was made too late. The statute requires her to come to this decision within a year after the death of her husband, and in case of her failure so to do ' she shall be deemed to have elected ' to take under the will (Rev. St. pt. 2, c. 1, tit. 3, secs. 13, 14; *Palmer* v. *Voorhis,* 35 Barb. 179; 4 Pom. Eq. Jur. sec. 496). And her ignorance of the condition of her husband's estate, or of the fact that the testamentary provision is disproportionate to the value of her dower, does not relieve her from the effect of this statute." Citing

*Akin* v. *Kellogg,* 119 N. Y. 441; *Lewis* v. *Smith,* 9 id. 502-511, and other cases.

The court in discussing the question as to whether or not the widow had in fact made an election to take her dower, by continuing in the possession and management of the property, further says: " Counsel claims this was ' an entry on the lands to be assigned to her for her dower;' thus making an election, within the statute. I do not think her conduct has any such significance. She had minor children, and with them continued in the occupation of all the property left by her husband. There was no specific setting apart of any of it in her occupation. She held the land in common with the children, making a home for them all, the same as before her husband's death. Her occupation was the same as that of nearly every family of a decedent. A farmer dies, leaving a bequest to his widow in lieu of dower. In by far the greater majority of cases she and her children will continue to occupy and carry on the farm on the lines marked out by the decedent. But this cannot constitute ' an entry on the lands to be assigned to her for her dower.' *That means a positive, unequivocal act announcing her determination to make an election.* The presumption is that she will accept the provisions of the will rather than her dower. O'Hara Wills, 246. And she must overcome this presumption by the positive act of election provided for in the statute."

In *Akin* v. *Kellogg, supra,* the testator by his will gave to his widow, in lieu of dower, one-third of his personalty, and the net income for life of one-third of his real estate, which was vested in a trustee for that purpose. About three years after her husband's death the widow brought an action in which she asked that she be permitted to make her election, renounce

Surrogate's Court, Rockland County, September, 1917.   [Vol. 101.

the testamentary provision and have her dower assigned on the ground that she was ignorant of the extent of her husband's estate until the executor filed his accounts, and was induced to omit to take the steps necessary to claim dower by representations of the executor, in the presence of the principal beneficiary under the will, as to the value of her dower right.   It was held that she was not entitled to the relief sought, and the court in its opinion said, at page 447: " Here the complainant was apprized by the will of an option offered to her with reference to her future property rights, and it became at once her legal duty to be diligent and careful in acting, if she proposed to take what the law assured to her, in place of what the will gave.   The Revised Statutes have but followed the common law, in their provision for an election by the widow between a testamentary gift in lieu of dower and the dower right itself; but they have further provided that the widow shall be deemed to have elected her devise, or pecuniary provision, unless, within one year after the death of her husband, she shall enter upon the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof.   Where, then, a provision is, by the express terms of the will, made in lieu of dower, the widow is obliged to make an election, whether to accept it, or to renounce it for what the law gives to her.   She cannot have both, and she is at once chargeable with the duty of informing herself, so as to make her election; and that she shall have a certain period of time for that purpose, the legislature has provided what was deemed a reasonable season of delay, and its enactment that the election must be made within one year has the same force as ·a statute of limitation upon the widow's rights.   The object of the legislature was to compel the widow to

make her election a reasonable time after the death of her husband. (*Hawley* v. *James,* 5 Paige, 446.)"

In *Flynn* v. *McDermott,* 102 App. Div. 56, the testator's widow was given a legacy in lieu of dower, but died within a year after her husband's death, during the pendency of an action brought by her to have the will declared invalid and the probate revoked, without having made her election. It was held that the death of the widow within the year did not deprive her of the legacy, and that her executor was entitled to maintain an action to recover it. The court on pages 58, 59, says: "The defense is that the right to the legacy depends upon an election to be made by the widow to accept it in lieu of dower; that such right of election is purely personal to her, and she having died without making it, her estate cannot elect for her or recover the legacy, and that by her death the consideration she was to pay the estate for the legacy, namely, her dower interest, has ceased to exist. The defendant cites several cases which he claims are authority for his position, but this case seems to turn upon the proper construction of section 181 of the Real Property Law (Laws of 1896, chap. 547).

"It is clear that the testator deemed the legacy to his wife a suitable and proper provision for her considering her station in life, his property and the other persons dependent upon his charity or bounty. But he did not mean that she should have the legacy and her dower too. The will fixes the limit of what the testator desired her to receive. But if she were not satisfied with it she could renounce it and take her dower. It is too technical a view to treat the provisions of the will as an offer made by the husband to her and that she personally must accept this offer and thus close the contract, and that having died

within the year which would bar her election, that she thereby forfeits the provisions which her husband intended for her. The widow is treated as the favorite legatee, the one nearest to the testator, the person for whose welfare he is most solicitous, and she is entitled to a liberal and not a technical or restricted construction of the statute. She is not deprived of the benefits under the will because she did not survive her husband the year and thus become barred from recovering her dower. The legacy was given her without regard to the probable duration of her life and without any condition whatever, except that it was the limit of what she was to receive from the estate. This case is covered by the provisions of the statute which puts the widow in the position of a presumed acceptance of the legacy, assuming that the husband has provided for her more liberally than the law itself would do. And whether the lapse of the year, or her death within the year, prevents her rejecting the benefits of the will, the fact remains that she did not enter upon the lands assigned to her for her dower or take any proceedings to recover her dower during the year, and the statute declares that the legacy is hers unless she does one of those acts.''

This case was affirmed by the Court of Appeals (183 N. Y. 62), and that court said: '' The widow is given one year from her husband's death in which to make an election between the legacy given in lieu of dower and the enforcement of the dower right. The position taken by the appellant is that as the right of election is personal, and the widow having died without exercising it, she must be deemed to have abandoned her right to the legacy.

'' It has been held that a bequest in lieu of dower, and the acceptance of same, amounts to a matter of contract and purchase; that the wife is to be paid

the bequest in preference to other legacies and without abatement, the debts being first paid. (*Isenhart v. Brown,* 1 Edwards' Ch. 411; *Hathaway v. Hathaway,* 37 Hun 266.)

"The appellant argues, from this undoubted principle of law, that a legacy left in lieu of dower differs from an ordinary legacy and is purely personal to the widow, as it is coupled with the statutory right of election vested in her, and the latter failing by reason of her death, the legacy falls with it. This construction is unreasonable and unwarranted. The effect of the widow's death within the year is to vest the right to collect the legacy in her executor."

In my opinion the widow failed to make an election, as the statute requires, and must therefore be deemed to have accepted the legacy in lieu of her dower, and her personal representative has a valid claim against the decedent's estate therefor.

Decreed accordingly.